Law Offices of Gregory Messer
Attorneys for Van Doug Walker
*Debtor and Debtor-in-Possession*
26 Court Street, Suite 2400
Brooklyn, NY 11242
(718) 858-1474
Gregory Messer, Esq.
Mark R. Bernstein, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                  Chapter 11

VAN DOUG WALKER,                                         Case No: 17-44665-ESS

                        Debtor.
------------------------------------------------------------X

## **DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

TO:    THE HONORABLE ELIZABETH S. STONG
          UNITED STATES BANKRUPTCY JUDGE

Van Doug Walker (the "Debtor"), by and through his counsel, the Law Offices of Gregory Messer, objects to the motion for relief from the automatic stay (the "Motion") by Mirbourne NPN 2 LLC ("Mirbourne"), and respectfully sets forth as follows:

## **BACKGROUND**

1.    On September 8, 2017 (the "Commencement Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued in the management of his business and affairs and properties as a debtor and debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and upon information and belief, no official committee of unsecured creditors has been formed.

2.  The Debtor has three properties and has entered into this Chapter 11 case for the purposes of formulating a plan for all of his properties, including the real property located at 494 Halsey Street, Brooklyn, New York ("494 Halsey"), for which Mirbourne files its Motion to obtain relief from the automatic stay.

## OBJECTION TO MIRBOURNE'S MOTION FOR RELIEF FROM STAY

3.  The Debtor objects to Mirbourne's motion for relief from the automatic stay as (i) there exists equity for the Debtor in 494 Halsey beyond any amounts that may be owed to Mirbourne; (ii) 494 Halsey is currently the Debtor's primary residence for which the Debtor is seeking loss mitigation; and (iii) no deed was ever recorded to transfer 494 Halsey.

4.  "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws." In re Adams, 27 B.R. 582, 583 (D.Del. 1983). "It gives the debtor a breathing spell from his creditors" and "it stops all collection efforts, all harassment, and all foreclosure actions." Id. Moreover, its primary purpose, is to "permit the debtor to attempt a repayment or a reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy," while providing, with equal force, protection for creditors. Id.

5.  Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than "the debtpr's equity in the property." 11 U.S.C. Section 362(g).

6.  If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. In re P.J. Clarke's Rest. Corp., 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001). Furthermore, "[a] creditor's mere unsupported allegation that continuance of the stay will cause …. Harm will not suffice." In re Curtis, 40 B.R. 795, 803 (Bankr. D. Utah 1984). Furthermore,

the burden with respect to lifting the automatic stay is a heavy one.  See In re Sabine Oil & Gas Corp., 548 B.R. 674 (Bankr. S.D.N.Y. 2016).

7.  The Debtor has engaged in settlement negotiations with Mirbourne from the commencement of this case for the purpose of being appropriately compensated for moving out of his primary residence in which equity exists beyond any amount Mirbourne may be owed by the Debtor for 494 Halsey.

8.  The Debtor valued 494 Halsey at $1.3 million on his Bankruptcy Schedule A, and believes it is possible that the value of 494 Halsey may be as high as $1.4 million. Annexed hereto as Exhibit A is a copy of a schedule of recent comparable sales of similar properties to 494 Halsey including one brownstone with the same square footage nearby for an amount in excess of $1.3 million. Whatever, the exact value of 494 Halsey, it is much greater than the amount the Debtor owes Mirbourne.

9.   Additionally, 494 Halsey is the Debtor's primary residence.  Providing Mirbourne with relief from stay as requested in the Motion would severely disrupt the Debtor's efforts to formulate a plan to reorganize.  494 Halsey is a critical property to the Debtor's reorganization efforts, especially as it is his primary residence. The Debtor should not be forced to move without being adequately compensated should the Debtor choose to do so if it bolsters his reorganization efforts.  The Debtor is seeking loss mitigation under the Eastern District of New York loss mitigation program under General Order #582 and has filed a request for loss mitigation (Docket #24, December 22, 2017).

10.  Lastly, Mirbourne is seeking relief from stay to pursue the state court litigation. However, although a consent order may have been previously signed in state court, the Debtor filed bankruptcy with the interest of protecting his rights in 494 Halsey, Mirbourne never

recorded any deed for a transfer of 494 Halsey to be effectuated to Mirbourne, and Mibourne decided not to enter into any agreed stipulation that compensate the estate to turn over the deed, Instead Mirbourne is now moving for relief from the automatic stay for a property for which it has no deed and for which there exists equity to the Debtor in his residence above any secured amount that may be claimed by Mirbourne.

**Consideration of the Sonnax Factors Show that Mirbourne is Not Entitled to Stay Relief**

11. When a movant alleges cause as a continuation of a separate judicial proceeding, courts in the Second Circuit rely on In re Sonnax Indus., Inc., for authority to decide the motion. 907 F.2d 1280, 1285 (2d Cir. 1990) (quoting the House Senate Report for the proposition that "cause might include *the lack of any connection with or interference* with the pending bankruptcy case).

12. Other courts deciding relief motions that allege continuation of other judicial proceedings as cause to lift the stay have found that Congress intended "cause" to exist "where the other proceeding bears no relation to the bankruptcy case or no relation to the purpose of the automatic stay." In re Adams, 27 B.R. at 585.

13. The Sonnax court identified several factors relevant to determining whether a movant is entitled to stay relief to pursue a separate judicial proceeding.

14. Even before addressing Mirbourne's use of the Sonnax factors, the Debtor reiterates the part of the standard for considering those factors, that "[a] creditor's mere unsupported allegation that continuance of the stay will cause … harm will not suffice." In re Curtis, 40 B.R. at 803.

15. Despite its burdens under the law, Mirbourne offers nothing to support its assertions that the stay should be lifted on 494 Halsey. For example, the first Sonnax factor calls

for the court to consider "whether relief would result in partial or complete resolution of resolution of the issues."  Any argument that it does is insufficient as an averment to lift the stay as it does not result in complete resolution of the issues as 494 Halsey is the Debtor's primary residence, no deed has been recorded to effectuate the transfer of 494 Halsey and the Debtor has equity well above any secured amount Mirbourne may claim for which no proof of claim has been filed to evidence the secured amount, as has been done by the second mortgage lender.

16. Accordingly, the Motion should be denied for failure to show cause sufficient to justify this Court's granting of such relief sought by Mirbourne.

**WHEREFORE**, it is respectfully requested that this Court deny Mirbourne's Motion for Relief from the Automatic Stay in its entirety and for such other and further relief as is just and proper.

Dated: Brooklyn, New York
January 2, 2018

LAW OFFICES OF GREGORY MESSER

By:     */s/ **Mark  R. Bernstien***
Mark R. Bernstein
*Counsel to Debtor and Debtor-in-Possession*
26 Court Street, Suite 2400
Brooklyn, New York 11217
(718) 858-1474
*mbernstein@messer-law.com*