| | |
|---|---|
| Law Offices of Gregory Messer<br>Attorneys for Van Doug Walker<br>*Debtor and Debtor-in-Possession*<br>26 Court Street, Suite 2400<br>Brooklyn, NY 11242<br>(718) 858-1474<br>Gregory Messer, Esq.<br>Mark R. Bernstein, Esq. | Hearing Date: February 22, 2018.<br>Hearing Time: 10:30 a.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                              Chapter 11


VAN DOUG WALKER,                                      Case No: 17-44665-ESS


                                    Debtor.
-------------------------------------------------------------X

## MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

Van Doug Walker (the "Debtor"), by and through his undersigned attorneys, as and for their motion (the "Motion"), for entry of an order: (i) pursuant to Fed. R. Civ. Pro. ("FRCP") 45(d)(3), made applicable in this proceeding by Fed. R. Bankr. Pro. ("FRBP") 9016, quashing the Subpoena of Airbnb, Inc. ("Airbnb") dated January 24, 2018 (the "Subpoena") issued by Mirbourne NPN 2 LLC, ("Mirboune"), a creditor with respect to the Debtor's residence located at 494 Halsey Street, Brooklyn, New York (the "494 Halsey Property") to produce records related to the Debtor's account with Airbnb ("Records Request"); and (ii) pursuant to FRCP 26(c), made applicable in this proceeding pursuant to FRBP 7026, issuing a protective order directing that Airbnb is not required to produce documents in connection with Subpoena as may be set forth by the Records Request, together with such other relief as is appropriate under the circumstances, respectfully state as follows:

## PRELIMINARY STATEMENT

1. Mirbourne served a Subpoena dated upon Airbnb, which the Debtor seeks to quash as it seeks production from Airbmb of commercial records beyond the scope permitted under the FRBP 9016. A copy of the Subpoena is annexed hereto as Exhibit "A."

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On September 8, 2017 (the "Commencement Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued in the management of his business and affairs and properties as a debtor and debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and upon information and belief, no official committee of unsecured creditors has been formed.

5. The Debtor owns a total of three (3) real properties, two of which are brownstones (the "Brownstones", including the 494 Halsey Property) and one of which is a vacant lot. Mirbourne has no current or prior interest in the Debtor's other two (2) properties.

6. On December 6, 2017, Mirbourne filed a motion for relief from the automatic stay with respect to the 494 Halsey Property.

7. On December 22, 2017, the Debtor filed a request for loss mitigation (the "Loss Mitigation Request") with respect to the 494 Halsey Property under the Eastern District of New

York loss mitigation program under General Order #582 (Docket #24).

8. On January 2, 2018, the Debtor filed an objection to the relief from stay motion and this matter became a contested matter under FRBP 9014.

9. On January 5, 2018, the Debtor filed a motion to extend the exclusive period for filing a Chapter 11 plan and disclosure statement.

10. The Debtor resides at 494 Halsey Property and the Debtor's entity VDoug.Walker Corp. operates daily rentals through Airnbnb for his Brownstones.

## ARGUMENT

11. Mirbourne's Subpoena of Airbnb should be quashed pursuant to FRCP 45(d)(3) made applicable to this proceeding by FRBP 9016.

12. FRCP 45, made applicable in this proceeding by FRBP 9016, provides, in pertinent part:

> (3) Quashing or Modifying a Subpoena.
>
> (A) When Required.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.
>
> (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

13. Mirbourne seeks documents through the Subpoena for a period beginning January

1, 2016 through the date of any response to the Subpoena, of documents related to accounts with Airbnb in connection with the "Halsey Street Property" as well as financial documentation in connection with such Records Request.

14. Such Records Request seeks discovery and information from Airbnb that are commercial and financial documentation related to the Debtor's corporation and to all the commercial information of all of his Brownstones that appear to be beyond the scope of whether relief from stay is warranted. Both the content and timeframe of the Records Request is beyond the scope of the contested relief from stay motion by Mirboune. Moreover, the Records Request appears to be nothing more than a burdensome fishing expedition that is not warranted in or related to this contested matter of whether Mirbourne relief from stay motion should be granted.

15. Airbnb advised the Debtor that it would not provide documents pursuant to the Subpoena if the Debtor made a motion before this Court.

### The Court Should Enter a Protective Order

16. The Movants respectfully submit that the Court must issue a protective order to prevent Airbnb from having to comply with the Subpoena, which is a mere burdensome fishing expedition and is not in connection with the relief from stay motion as to the 494 Halsey Property.

17. Pursuant to FRCP 26(c), a court may, in its discretion, stay discovery "for good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c); (*Anthracite Capital BOFA Funding, LLC v. Knutson*, 2009 U.S. Dist. LEXIS 112551 (S.D.N.Y. Dec. 3, 2009); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839, 2007 U.S. Dist. LEXIS 12776 at *1 (S.D.N.Y. Feb. 15, 2007); *Spencer Trask Software & Information Services, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *United States v. Cty.*

*Of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999).

18.     "Factors relevant to a court's determination of 'good cause' include:  the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs*., 2009 U.S. Dist. LEXIS 7905 (S.D.N.Y. Feb. 3, 2009) (citing *Niv v. Hilton Hotels Corp*., No. 06 Civ. 7839, 2007 U.S. Dist. LEXIS 12776 (S.D.N.Y. Feb. 15, 2007)).

19.     A court is given broad discretion in determining whether to issue a protective order under Rule 26(c).  *See Ebbert v. Nassau County,* 2007 U.S. Dist. LEXIS 15159, at *14-15 (E.D.N.Y. Mar. 2, 2007).

20.     In addition to the court's specific power to quash under Rule 45, in ruling on a motion to quash, "the court applies its general power to limit discovery under Rule 26(b)(2)," 7 Moore's Federal Practice § 30.50 (Matthew Bender 3d Ed. 2005), made applicable to bankruptcy cases through Fed R. Bankr. P. 7026.

21.     Rule 26(b)(2) allows the court to limit discovery it determines is unreasonably duplicative or whose "burden or expense outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

22.     As set forth above, the Subpoena by Mirbourne of Airbnb is a burdensome fishing expedition that is beyond the discovery allowed in the contested matter of the relief from stay motion filed by Mirbourne.

23.     Based upon the foregoing, the Debtor respectfully requests that the Court enter a

protective order from Airbnb responding to the Subpoena issued by Mirboune.

## COMPLIANCE WITH EDNY LBR 7007-1

24. Prior to preparing and filing this Motion, Debtor's counsel was in communications by email with counsel for Mirbourne that the discovery being requested by Mirboune is beyond the scope of the contested matter of Mirbourne's motion for relief from stay on the 494 Halsey Property.

25. Based upon the foregoing, the Debtor filed this Motion.

## NOTICE

26. The Debtor has provided copies of the Notice of the Motion, Motion, and all exhibits thereto upon: (i) Mirbourne's counsel; (ii) the Office of the United States Trustee; and (iii) all parties that requested notice in this case. The Debtor respectfully submits that such notice is reasonable and is good and proper notice and no additional notice is necessary or required.

## COMPLIANCE WITH EDNY LBR 9013-1

27. By virtue of the nature of the relief requested and the authorities cited herein, the Debtor submits that they have complied with the requirements of Local Bankruptcy Rule 9013-1(a).

## CONCLUSION

**WHEREFORE**, based upon the foregoing, the Debtor respectfully requests that the Court enter an order:

i. quashing the Subpoena issued by Mirbourne to the extent that they require Airbnb to produce the Requested Records;

ii. granting a protective order directing that Airbnb is not required to produce the

Requested Records to Mirboune; and

      iii.    such other relief as is appropriate under the circumstances.

Dated: Brooklyn, New York
       February 2, 2018

                                LAW OFFICES OF GREGORY MESSER

                       By:    */s/ **Mark R. Bernstein**
                             Mark R. Bernstein
                             *Counsel to Debtor and Debtor-in-Possession*
                             26 Court Street, Suite 2400
                             Brooklyn, New York 11217
                             (718) 858-1474
                             *mbernstein@messer-law.com*