**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------x        Case No. 17-44665
IN RE:
     VAN DOUG WALKER
              Debtor
------------------------------------------------------x

### NOTICE OF MOTION TO WITHDRAW AS COUNSEL FOR THE DEBTOR

    PLEASE TAKE NOTICE, that Dahiya Law Offices, LLC shall move the United States Bankruptcy Court, Eastern District of New York located at 271 Cadman Plaza East, Brooklyn, New York 11201 for an order permitting it to withdraw as counsel to the debtor, Mr. Van Doug Walker.

    A hearing has been scheduled for the foregoing relief before the presiding Judge Hon. Elizabeth S. Stong at 10:00 am on July 19, 2018. All responses to the motion be filed at least a week in advance of the hearing.

Dated: July 3, 2018
New York NY
                                              /s/_____
                                              Karamvir Dahiya
                                         Dahiya Law Offices, LLC
                                         75 Maiden Lane Suite 506
                                               New York NY 10038
                                                  Tel: 212 766 8000

Notice to:

Van Walker
494 Halsey Street
Brooklyn NY 11233
vdoug.walker@gmail.com

Kenneth L. Baum, Esq.
LAW OFFICES OF KENNETH L. BAUM LLC
99 Church Street, 4th Floor
White Plains, NY 10601
Phone: (201) 853-3030
kbaum@kenbaumdebtsolutions.com
www.kenbaumdebtsolutions.com

 Ms. Martin Marylou

US Trustee Offices
201 Varick Street
Suite 1006
New York NY 10014

Marylou.Martin@usdoj.gov
USTPRegion02.BR.ECF@usdoj.gov


**David L Tillem**
Wilson Elser Moskowitz Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604-3407
(914) 323-7000
(914) 323-7001 (fax)
tillemd@wemed.com

**Nicole Marie Massi**
Knuckles Komosinski & Manfro LLP
565 Taxter Road
Suite 590
Elmsford, NY 10523
914-345-3020
914-992-9154 (fax)
nmm@kkmllp.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------x    Case No. 17-44665
IN RE:
    VAN DOUG WALKER
            Debtor
-----------------------------------------------------x

### AFFIDAVIT IN SUPPORT OF APPLICATION TO WITHDRAW AS COUNSEL

    Karamvir Dahiya of Dahiya Law Offices, LLC praying for dis-engagement from his client, Van Doug Walker (the "Debtor" herein), respectfully submit as follows:

    This is a motion to be relieved as counsel to the debtor. Withdrawal motion is borne of compelling reasons. Pursuant to Local Rule 1.4 of the Eastern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." The New York State Rules of Professional Conduct, Rule 1.16(c)(4) permits withdrawal of counsel where "the client insists upon taking action with which the lawyer has a fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." This motion prays for a judicial severance of attorney-client relationship.

    Besides Attorney-Client privileged protections, the undersigned would not drag this Court into the morass of happenings; conflicts of principles; and a very differing and subjective understanding of bankruptcy laws (by the undersigned and Mr. Walker)—but which all led to this very unworkable impasse. Mr. Walker has a very strong impression of law and the legal process, thus rendering the undersigned thinking or strategy of litigation ineffectual. Mr. Walker is a leader

3

and leaders are not led. And an advocate does not become an audience. Strong views and personalities do not necessarily charter different course despite different perceptions, however when they do, bidding adieu is proper. Admonished was Mr. Walker with an old maxim—one must not alter horses mid-stream—but then some might not need any horse.

The undersigned has not been paid anything. It is not about money, but his cooperation. Mr. Walker has some willful insights into the legal system and as a student of law, the undersigned had to remind him of the scope, contours of the proposed actions. Learning is fine. The undersigned is not shy of sharing legal principle, nuances, legislation, but then it must be backed by equally a strong internalizing of the tenets. The undersigned had discussed different principle of removal, abstention, comity, federalism, appeal, vacatur of stipulations, rooker-feldman doctrines, NY state fraudulent conveyance actions, etc., with Mr. Walker. Mr. Walker wants all remedies to be pulled in his case. But all that discourse must meet one fundamental aspect—that is—an exit plan. Differences and not concurrence regarding case aspects dictated this attorney client relationship. I must stop.

"'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc*., No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.,* No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection,* No. 1997 U.S. Dist.

LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.")

*Your Honor*, I would never abandon a client. It is neither in my style nor in the stoic demands of this profession to leave unattended a client. Perhaps Mr. Walker might not need an attorney. He is bright and suave. The demands of the legal profession are very acute. The time pressure and the ability to perform several tasks, including research, writing, conferencing and or representing the best for the client, does not leave much time for any *zen* like repose warranting deeper meditations on what or how might the client be approached. Since neither the strategy nor the understanding of underlying law meets any acceptance with Mr. Walker, there is but irreconcilable difference. And being indifferent to his instructions would also not be proper under the given circumstances. Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); see also *Casper v. Lew Lieberbaum & Co.,* 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14- 16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). Withdrawal was also allowed where disagreement over witnesses arose. *Whiting v. Lacara*, 187

F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

Expectations of the client, Mr. Walker and of this Court administering the case, and conscientious effort of the advocate to achieve best possible results coupled with courtesy to the adversaries calls for a balancing approach and it could be very exhausting, if it is marked with unpredictable reactions from the very client, the subject matter of the litigation. Such reactions and undue demands sets in motion conflict of interest. Such conflict has arisen in this matter. What properties to be sold and what Chapter 11 plan should be—we see it differently than Mr. Walker. New York Courts have permitted withdrawal where a conflict of interest arises between an attorney and client. See, e.g., *International Business Counselors, Inc. v. Bank of Ikeda, Ltd.,* 1990 U.S. Dist. LEXIS 2550 (S.D.N.Y. Mar. 9, 1990). A conflict of interest occurs if, during the course of the representation, the attorney's and client's interests diverge with respect to a material factual or legal issue or to a course of action. See *United States v. Malpiedi*, 62 F.3d 465, 469 (2d Cir. 1995)).

Withdrawal would not prejudice the administration of the case. Mr. Walker knows the law and advocacy. The undersigned reserves the right to seek compensation for the time spent on this case.

    Dated: New York NY
    July 3, 2018

Dahiya Law Offices, LLC

/s/_____
  Karamvir Dahiya

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 3, 2018, upon the following in the manner indicated: Email upon the noticed parties.

*/s/karamvir dahiya*
_____
Karamvir Dahiya (KD 9738)