UNITED STATES BAKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                          CASE NO. 17-44665-ess

VAN DOUG WALKER                                  Chapter 11

        Debtor

---

**DECLARATION OF DEBTOR QUALIFYING HIS STATEMENTS MADE IN COURT ON SEPTEMEBER 21, 2018**

Van Doug Walker
545 Halsey Street
Brooklyn, New York 11233
347 517-582

Law Offices of Kenneth Baum LLC
167 Main Street
Hackensack NJ 07601
(201) 853 - 3030

5

UNITED STATES BAKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

VAN DOUG WALKER

    Debtor

CASE NO. 17-44665-ess

Chapter 11

**DECLARATION OF DEBTOR QUALIFYING HIS STATEMENTS MADE IN COURT ON SEPTEMEBER 21, 2018**

TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE

Van Douglas Walker respectfully submits the following:

1. I am the debtor-in-possession in the pending bankruptcy matter before this Court. I am fully familiar with the facts and circumstances surrounding this matter.

2. This declaration is necessary for the following reasons and will serve to qualify the statements I made before this Court on September 21, 2018.

3. Initially, upon information and belief, I was under the impression that the district court dismissed the Rescission issue and I might have indicated that to my attorney. See **Exhibit A**, a copy of Judgment from the complaint I filed on September 17, 2018.

4. I later learned that what happened was that the district court dismissed my complaint for lack of subject matter jurisdiction and did not dismiss or decide anything regarding my Notice of Rescission. See **Exhibit B**, 2018, a copy of the case summary, summarizing the Court's Memorandum Decision and Order.

1

5. I still hold that my notice of rescission was a lawful act until a court states otherwise and pursuant to the applicable federal law I acted on such right after giving Mirbourne 20 days' notice to return the property to me. Mirbourne did not respond nor did it seek court intervention during that time. Any actions taken by me, my family or my agents after the 20-day period were lawful. Accordingly, pursuant to federal law, Mirbourne is not prejudiced by the Notice of Rescission nor any rights acted on by me. Mirbourne can still pursue a foreclosure proceeding if it chooses to.

6. However, at the September 21, 2018 hearing, my belief at the moment was that if my Rescission was dismissed and the Appellate Division had not yet determined my appeal, the way it stood in my mind after conversing with my attorney, is that legally Mirbourne was the owner of the 494 Halsey Street property until proven otherwise, excluding any criminality to gain ownership. Because of such belief and information, I stated in court that I was no longer the property owner and that Mirbourne owns the property. I was worried about my family, nervous, confused, and frustrated.

7. For example: I am worried about my son, as a criminal charge has been made against him and I was reluctant to say anything that would jeopardize his case. That hit me hard in Court that day.

8. Also, this is the only home he has known and upon information and belief he was wrongly evicted.

9. Then my 5-year old daughter at the time was traumatized by the way the sheriff's came to the house and removed her, with a one day notice I might add. There were so many sheriff's. She still asks me when are we getting back in the house.

2

10. Nevertheless, for the record, the contempt charges are being appealed. However, for the sake of my integrity, my attorney did not show up in court on the return date, on short notice I might add, and I was held in contempt by default.

11. The contempt accusations being made now are without merit because I acted accordingly to law. Meaning, I believed, and still do, that I was within my right to give Mirbourne a Notice of Rescission and take ownership of the property after a 20-day notice that had not been answered or addressed by a court until after the ownership reverted back to me.

12. Furthermore, the matter was under the review of the federal district court which has original jurisdiction and Mirbourne did not reveal this information to the state court or properly notify my counsel regarding the TRO that it cunningly was able to obtain.

13. There is a lot I wanted to say but emotionally I was not prepared. However, I was very confused about what was going on in court because her Honor had previously granted Mirbourne its motion for Remand and Obstention.

14. Now that I am clear about what happened in the District Court I stand by the position that I am the property owner of the 494 Halsey Street property because of the independent action that I took - Notice of Rescission- which has nothing to do with my appeal before the appellate division or Judge Dear's prior orders in the state court.

15. It was a right that I never exercised prior and the obligation of Mirbourne to give me notice of that right was nonwaivable. Nor was such right waived by any language in the stipulation because the consumer credit protection bureau has specific language that must be put in a Notice notifying an obligor of such right that cannot be waived or substituted.

16. Respectfully, because of the forgoing the reorganization plan will be acted on accordingly.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge, except as matters alleged on information and belief, and that as to those matters, I believe them to be true.

Executed on October 2, 2018
Kings County, New York

_____
Van Doug Walker
545 Halsey Street
Brooklyn, New York 11233
347 517- 5822

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
VAN DOUGLAS WALKER,

                Plaintiff,

                                                                                 JUDGMENT
                                                                                18-cv-5211 (BMC)(CP)

     -against-

MIRBOURNE NPN 2LLC,

                Defendant.
------------------------------------------------------------ X

       A Memorandum, Decision, and Order of Honorable Brian M. Cogan, United States District Judge, having been filed on September 19, 2018, dismissing the complaint; denying leave to amend as futile, *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); certifying pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; and denying *in forma pauperis* status for purpose of an appeal, *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); it is

       ORDERED and ADJUDGED that the complaint is dismissed; that leave to amend is denied as futile, *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; and that *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, NY                                                  Douglas C. Palmer
September 19, 2018                                                Clerk of Court

                                                                       By:    /s/*Jalitza Poveda*
                                                                               Deputy Clerk



CLOSED,NPROSE

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:18-cv-05211-BMC-CLP

Walker v. Mirbourne NPN 2LLC  
Assigned to: Judge Brian M. Cogan  
Referred to: Magistrate Judge Cheryl L. Pollak  
Cause: 28:1331 Fed. Question  

Date Filed: 09/17/2018  
Date Terminated: 09/20/2018  
Jury Demand: Plaintiff  
Nature of Suit: 890 Other Statutory Actions  
Jurisdiction: Federal Question  

**Plaintiff**

**Van Douglas Walker**  represented by  **Van Douglas Walker**  
494 Halsey Street  
Brooklyn, NY 11233  
PRO SE

V.

**Defendant**

**Mirbourne NPN 2LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/17/2018 | 1 | COMPLAINT against Mirbourne NPN 2LLC, filed by Van Douglas Walker. (Attachments: # 1 Civil Cover Sheet) (Davis, Kimberly) (Entered: 09/17/2018) |
| 09/17/2018 |   | FILING FEE: $ 400, receipt number 4653132311 (Davis, Kimberly) (Entered: 09/17/2018) |
| 09/17/2018 | 2 | Summons Issued as to Mirbourne NPN 2LLC. (Davis, Kimberly) (Entered: 09/17/2018) |
| 09/17/2018 | 3 | Unsigned Order to Show Cause by Van Douglas Walker (Davis, Kimberly) (Entered: 09/17/2018) |
| 09/17/2018 | 4 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if** all parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Davis, Kimberly) (Entered: 09/17/2018) |

B

| | | |
|---|---|---|
| 09/17/2018 | 7 | SUMMONS Returned Executed by Van Douglas Walker. Mirbourne NPN 2LLC served on 9/17/2018. (Guzzi, Roseann) (Entered: 09/20/2018) |
| 09/19/2018 | 5 | MEMORANDUM DECISION AND ORDER dated 9/18/18 that the complaint is dismissed for lack of subject matter jurisdiction. Leave to amend is denied as futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Court certifies pursuant to 28:1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). ( Ordered by Judge Brian M. Cogan on 9/18/2018 ) *Forwarded for jgm. (Guzzi, Roseann) (Entered: 09/19/2018) |
| 09/20/2018 | 6 | CLERK'S JUDGMENT dated 9/19/18 that the complaint is dismissed; that leave to amend is denied as futile, See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); that pursuant to 28:1915(a)(3) that any appeal would not be taken in good faith; and that in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). ( Ordered by Jalitza Poveda, Deputy Clerk on behalf of Douglas C. Palmer, Clerk of Court on 9/19/2018 ) c/m to plaintiff w/appeals pkg. (Guzzi, Roseann) (Entered: 09/20/2018) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

VAN DOUG WALKER

Case No. 17-44665-ess

Chapter 11

Debtor.
-----------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned certifies that on __10/3/18__, a copy of
(Date of Service/Mailing)

__Declaration of Debtor Audifying His Statements---__
(Title of Document(s) served)

was served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon [below specify the name and mailing address of each party served]:

Law Offices of Kenneth Baum, LLC
167 Main Street
Hackensack NJ 07601

[STAMP: CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK 2018 OCT -3 P 3:28 RECEIVED]

Dated: 10/3/18

Signature: Julius Tajiddin
Print name: Julius Tajiddin
Address: P.O. Box 2499
         NY NY 10027
Phone: 917/553-4864
Email: preserveHarlemsLegacy@yahoo.com