UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
IN RE:                                    Chapter 11

    VAN DOUG WALKER              Case No.: 17-44665 (ESS)
                     Debtor
----------------------------------------------------x

### NOTICE OF MOTION TO WITHDRAW AS ATTORNEY

**PLEASE TAKE NOTICE** that, upon the Affirmation of Myeisha Rouff dated the 9th day of October, 2018, a motion will be made to this Court for an order, pursuant to Section 327 of the Bankruptcy Code, relieving Rouff Law Firm, PLLC as counsel for the Debtor, together with such other, further, and different relief as this court deems just, proper, and equitable.

        Date and Time: November 1, 2018 at 10:00 a.m.
        Bankruptcy Judge: Honorable Elizabeth S. Stong
        Courthouse: United States Bankruptcy Court
                   Eastern District of N.Y.
                   Courtroom 3585
                   271 Cadman Plaza East
                   Brooklyn, New York 11722

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the motion must be made in writing, must conform to the Federal Rules of Bankruptcy Procedure and must be served so as to be actually received no later than 4:00 p.m. on October 25, 2018, on the Rouff Law Firm, PLLC, 1304 Sterling Place, Suite 3R Brooklyn, New York 11213.

**PLEASE TAKE FURTHER NOTICE** that failure to respond may result in the Court granting the relief requested in the motion without further notice or hearing.

Dated: October 9, 2018
Brooklyn, New York

       Respectfully submitted,

       Rouff Law Firm, PLLC
       Attorneys for Van Doug Walker

       By: */s/ Myeisha Rouff*
       Myeisha Rouff
       1304 Sterling Place, Suite 3R
       Brooklyn, New York 11213
       Tel: (347) 891.4841

Notice to:

Van Walker
494 Halsey Street Brooklyn NY 11233
vdoug.walker@gmail.com

Kenneth L. Baum, Esq.
LAW OFFICES OF KENNETH L. BAUM LLC
99 Church Street, 4th Floor
White Plains, NY 10601
Phone: (201) 853-3030
kbaum@kenbaumdebtsolutions.com
www.kenbaumdebtsolutions.com

Ms. Martin Marylou

US Trustee Offices
201 Varick Street
Suite 1006
New York NY 10014
Marylou.Martin@usdoj.gov
USTPRegion02.BR.ECF@usdoj.gov

**David L Tillem**
Wilson Elser Moskowitz Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604-3407
(914) 323-7000
(914) 323-7001 (fax)
tillemd@wemed.com

**Nicole Marie Massi**
Knuckles Komosinski & Manfro LLP
565 Taxter Road
Suite 590
Elmsford, NY 10523
914-345-3020
914-992-9154 (fax)
nmm@kkmllp.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

IN RE:                                  Case No.: 17-44665 (ESS)

    VAN DOUG WALKER
                   Debtor

---------------------------------------------------x

**MOTION TO BE RELIEVED AS ATTORNEY FOR THE DEBTOR**

The Rouff Law Firm, PLLC by this motion and affirmation of Myeisha Rouff, an attorney duly admitted to practice before this Court, seeks to be relieved as counsel to Van Doug Walker, the above-referenced debtor (referred to herein as "Debtor" or "Van Walker"), respectfully submits as follows:

This is a motion to be relieved as counsel to the debtor borne of compelling reasons. Pursuant to Local Rule 1.4 of the Eastern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." The New York State Rules of Professional Conduct, Rule 1.16(c)(4) permits withdrawal of counsel where "the client insists upon taking action with which the lawyer has a fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." This motion prays for a judicial severance of attorney-client relationship.

Besides Attorney-Client privileged protections, the undersigned would not drag this Court into the morass of happenings; conflicts of principles; and a very differing and

subjective understanding of bankruptcy laws (by the undersigned and Van Walker)—but which all led to this very unworkable impasse. Van Walker has a very strong impression of law and the legal process, thus rendering the undersigned thinking or strategy of litigation ineffectual.

The undersigned would never abandon a client but seeks cooperation from clients, which Van Walker has not provided. Van Walker has some willful insights into the legal system and as a student of law, the undersigned had to remind him of the scope, contours of the proposed actions. Learning is fine. The undersigned is not shy of sharing legal principle, nuances, legislation, but then it must be backed by equally a strong internalizing of the tenets. The undersigned had discussed different principle of removal, abstention, comity, federalism, appeal, vacatur of stipulations, NY state fraudulent conveyance actions, etc., with Van Walker. Van Walker wants all remedies to be pulled in his case, but all that discourse must meet one fundamental aspect—that is—an exit plan. Differences and not concurrence regarding case aspects dictated this attorney client relationship. I must stop.

Van Walker has become, for lack of better words, obsessed with the property at 494 Halsey Street Brooklyn, new York in that he is seeking to stop such foreclosure with the attendant contempt proceedings pending in the Supreme Court of the State of New York, County of Kings, entitled, Mirbourne NPN 2 LLC v. Van Douglas Walker, et al., Index No. 510700/14 (the "State Court Action"), and preserve any and all rights remaining in all the Properties owned by Van Walker under the Chapter 11 process. The State Court Action with Mirbourne NPN 2 LLC ("Mirbourne"), who held the first mortgage on the 494 Halsey Property was

considered very litigious. Van Walker along with Mr. Julius Tajiddin, known as a friend of Van Walker to the undersigned, have drafted motions and complaints against Mirbourne in the United States District Court for the Eastern District of New York without informing the undersigned seeking relief unknown to the undersigned regarding the aforementioned property. On October 3, 2018, Van Walker filed a statement to *Your Honor* without advice or consultation from the undersigned regarding possible incorrect statements made by Van Walker, before *Your Honor* on September 21, 2018. The undersigned cannot continue to be of counsel to Van Walker when he acts as his own attorney on material issues affecting the current bankruptcy proceeding. Van Walker is a leader and leaders are not led, and an advocate does not become an audience. Strong views and personalities do not necessarily charter different course despite different perceptions, however when they do, severing the relationship is proper.

Moreover, Van Walker has been excessively text messaging the undersigned on non-business hours and weekends. Client communication has always been a priority for the undersigned and the undersigned welcomes communication long after office hours and on weekends however, Van Walker has contacted the undersigned to the point that it borders on harassment in that Van Walker has gone above and beyond the scope of the attorney-client relationship by his offensive choice of words."[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y.

June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection,* No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.")

*Your Honor*, I must reiterate that I would never abandon a client. It is neither in my style nor in the strong demands of this profession to leave unattended a client. Perhaps Van Walker might not need an attorney. He is bright and suave. The demands of the legal profession are very acute. The time pressure and the ability to perform several tasks, including research, writing, conferencing and or representing the best for the client, does not leave much time for any deeper meditations on what or how might the client be approached. Since neither the strategy nor the understanding of underlying law meets any acceptance with Van Walker, there is but irreconcilable difference. And being indifferent to his instructions would also not be proper under the given circumstances. Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); see also *Casper v. Lew Lieberbaum & Co.,* 1999

U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14- 16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). Withdrawal was also allowed where disagreement over witnesses arose. *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

Expectations of the client, Van Walker and of this Court administering the case, and conscientious effort of the advocate to achieve best possible results coupled with courtesy to the adversaries calls for a balancing approach and it could be very exhausting, if it is marked with unpredictable reactions from the very client, the subject matter of the litigation. Such reactions and undue demands sets in motion conflict of interest. Such conflict has arisen in this matter. What properties to be sold and what Chapter 11 plan should be—we see it differently than Van Walker. New York Courts have permitted withdrawal where a conflict of interest arises between an attorney and client. See, e.g., *International Business Counselors, Inc. v. Bank of Ikeda, Ltd.,* 1990 U.S. Dist. LEXIS 2550 (S.D.N.Y. Mar. 9, 1990). A conflict of interest occurs if, during the course of the representation, the attorney's and client's interests diverge with respect to a material factual or legal issue or to a course of action. See *United States v. Malpiedi*, 62 F.3d 465,

469 (2d Cir. 1995)). Withdrawal would not prejudice the administration of the case. Van

Walker knows the law and advocacy.

Dated: Brooklyn, New York
       October 9, 2018

                           Respectfully Submitted,

                           Rouff Law Firm, PLLC

                           By: /s/    Myeisha Rouff

                           Myeisha Rouff
                           1304 Sterling Place, Suite 3R
                           Brooklyn, New York 11213
                           Tel: (347) 891- 4841

## CERTIFICATE OF SERVICE

    I hereby certify that on October 9, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

    I further certify that I caused copies of the foregoing document to be served on October 9, 2018, upon the following in the manner indicated: Email upon the noticed parties.

/s/Myeisha Rouff

Myeisha Rouff