The Law Office of René Myatt
*Attorney for Debtor*
204-04 Hillside Avenue, 2nd Floor
Hollis, NY 11423
(718) 468-3588

Hearing Date: February 12, 2019
at 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In re:<br><br>VAN DOUG WALKER,<br><br>               Debtor-in-Possession. | CASE NO. 17-44665-ess<br><br>CHAPTER 7 |
|---|---|

**OBJECTION OF VAN DOUG WALKER TO APPLICATION OF TRUSTEE TO BE
RETAINED AND EMPLOYED**
**(Related Document No. 161)**

TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE

Background

1. After a hearing on the issues this Court converted the Debtor, Van Doug Walker's Chapter 11 Petition to a Chapter 7 by Order dated December 14, 2018 (the "Conversion Order").

2. I was subsequently retained by Mr. Walker and filed a Notice of Appearance.

3. Subsequent to the filing of the Notice of Appearance, I filed a Motion to Reargue (Doc. 157) asking the court to reconsider its decision converting the Chapter 11 to a Chapter 7. In the Motion to Reargue I also asked the Court to disqualify the interim Trustee, Alan Nisselson based on conflict issues with the Debtor, Mr. Walker.

1

4. Contrary to the trustee's application to be employed, Mr. Walker resides at 545 Halsey Street; Brooklyn, New York ("545 Halsey"), since Mirbourne NPN 2 LLC ("Mirbourne") took possession of 494 Halsey Street; Brooklyn, New York ("494 Halsey").

5. Mr. Walker's prior counsel filed an amended Schedule C on December 7, 2018, in which Mr. Walker claims an exemption in the amount of $165,000.00 for 545 Halsey pursuant to NY CPLR § 5206.

Conflicts Basics

6. Bankruptcy Code Section 327 (a) says "the trustee, with the court's approval, may employ one or more attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title."

7. A second look at §327 (a) provides that "the trustee . . . may employ one or more attorneys," but it imposes two limitations. One, the attorney must not "hold or represent an *interest adverse* to the estate." And two, he must be a "*disinterested person*."

Adverse Interest

8. Since "adverse interest" is not defined in the Code, an examination must be made of what is known about conflicts outside of bankruptcy. It is axiomatic that you cannot represent both the plaintiff and defendant in a non-bankruptcy lawsuit. Consequently, you cannot represent both creditor and Debtor-in-Possession ("DIP") in the bankruptcy case.

9. In the instant case, the trustee, Alan Nisselson's law firm Windels Marx Lane & Mittendorf ("Windels Marx") had interests that were averse to Mr. Walker's in a state foreclosure action ("State Action"). Windels Marx represented the plaintiff, NYCTL 2011-A in their lien foreclosure action against Mr. Walker. The State Action is entitled, *NYCTL 2011-A TRUST v. VAN DOUG WALKER* under index number 0502845/2013.

10. In the State Action, Windels Marx aggressively pursued litigation against Mr. Walker for a tax lien in the amount of $22,075.22 against the real property known as 494 Halsey Street; Brooklyn, New York.

11. One of the alleged creditors that appears in the bankruptcy action is Mirbourne, who acquired possession of the property known as 494 Halsey Street; Brooklyn, New York ("494 Halsey") in the State Action.

12. During the State Action Windels Marx and Mirbourne were united in interest as both sought payment from Mr. Walker for outstanding debts. Moreover, any actions Mr. Walker took during the State Action to save his property were viewed as obstructive by both Windels Marx and Mirbourne.

13. Whatever negative inferences Windels Marx had about Mr. Walker's actions during the State Action would surely carryover to the instant bankruptcy action, and thus deny Mr. Walker the opportunity to be viewed fairly and his estate handled fairly.

14. In his affidavit, Mr. Nisselson admits the conflict issue, but argues that the matter was an unrelated case. Contrary to counsel's view the State Action is not unrelated to this bankruptcy. The subject of the State Action was property located at 494 Halsey Street; Brooklyn, New York. The 494 Halsey property was initially listed in Mr. Walker's bankruptcy petition as one of his assets, and at the time Mr. Walker filed his Chapter 11 petition on September 8, 2017, Windels Marx still represented the plaintiff lienholder in the State Action.

15. In fact Windels Marx continued to represent the plaintiff lienholder in the State Action from 2013 to October 2, 2018 when a consent to change attorney was filed in state court. The incoming counsel for the lienholder in the State Action, Bruce Bronster was an

attorney with Windels Marx. Windels Marx purportedly severed ties with Mr. Bronster and his group of sixteen lawyers because of the many conflicts of issue cases where Windels Marx represented both plaintiffs and defendants.

16. The objection to Mr. Nisselson and Windels Marx being employed as trustee is based on the concern that Mr. Walker has that, in light of Windels Marx's participation in the State Action, they will be predisposed to viewing anything Mr. Walker says or does as suspect at best and untruthful at worst.

17. To avoid the appearance of impropriety, if the court is inclined to continue its order of Conversion, then a different trustee must be employed, one that has no prior or former affiliation with Windels Marx.

<u>Disinterested Person</u>

18. Unlike "adverse interest," "disinterested person" is a defined term, and the definition is stringent. *See* Code §101 (14). It provides (among other things) that a "disinterested person" is one who "is not an equity security-holder" and "is not . . . a director, officer or employee of the debtor . . ."

19. Some courts have created *"de minimis"* exceptions to circumvent the disinterestedness rule, which is often viewed as unduly restrictive.

20. It is respectfully requested that the Court consider such an exception here. The fact that Windels Marx informs the Trustee that it "will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Windels Marx will supplement its disclosure to the Court," does not alleviate Mr. Walker's concerns. Having Windels Marx review their own files for disqualifying issues would amount to the old adage of the police policing the policing.

4

Mr. Walker's concerns about the fairness of the process would not diminish if Windels Marx were allowed to police itself.

21. Contrary to the trustee's affidavit, the employment of Windels Marx would not be in the best interest of Mr. Walker.

**WHEREFORE**, it is respectfully requested that Windels Marx's application to be employed in this Conversion proceeding be denied.

Dated: Hollis, New York
February 11, 2019

THE LAW OFFICE OF RENÉ MYATT
*Attorney for Van Doug Walker*

By: _____

René Myatt, Esq.
204-04 Hillside Avenue, 2nd Floor
Hollis, New York 11423
Telephone: (718) 468-3588
Facsimile (718) 468-5731
myattlegal@aol.com
myattlegal@gmail.com