Sale Date: May 7, 2019 at 11:00 a.m.
Objections Due: April 18, 2019 at 5L00 p.m.
Hearing on Objections: April 25, 2019 at 9:30 a.m.

In re:

VAN DOUG WALKER,

                Debtor-in-Possession.

# OBJECTION OF VAN WALKER TO TRUSTEE'S AUCTION SALE OF DEBTOR'S VACANT LOT LOCATED AT 832 HALSEY STREET; BROOKLYN, NEW YORK 11233

**(Related Docket No.: 181)**

TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE

    The Objection of Van Walker ("Walker" or "Debtor"), a debtor-in-possession to the sale of the vacant lot located at 832 Halsey Street; Brooklyn, NY 11233, respectfully represents:

## JURISDICTION

1. In liquidating the debtor's remaining assets, the trustee must follow the requirements of Bankruptcy Code section 363. Pursuant to subsection (b)(1), at a minimum this means that notice must be provided to creditors and parties in interest in accordance with Federal Rule of Bankruptcy Procedure 6004.

2. A hearing may not be required unless someone objects to the proposed sale. If an objection is made, then a hearing will be required. First, the "notice and a hearing" requirement of Section 363(b) mandates court review of a proposed disposition of estate assets only where there is an objection. Where there is no objection after notice, a proposed disposition of assets may be effective without judicial review.

1

## BACKGROUND

3. As this Court is undoubtedly aware, Mr. Walker found himself in bankruptcy court seeking protection after his property known as 494 Halsey Street; Brooklyn, New York 11233 ("494 Halsey Street") was taken from him in a State Court Action.

4. This Court heard the gut-wrenching and emotionally charged claims of Mr. Walker as he told the story of how he and his family had been stripped of their generational wealth. Mr. Walker recounted the pervasive attitude and perspective in the Black and Brown communities that their properties were systematically being taken from them. Two politicians, Brooklyn Borough President Eric Adams and New York City Councilman Robert Cornegy called for a federal investigation into deed theft, deed fraud and lien list sales.

5. It is this pervasive attitude that runs through the Black and Brown community that Mr. Walker embraced. As this Court is aware, Mr. Walker used every avenue possible to continue to hold onto his family's properties and he was concerned his efforts would be construed by this Court as an abuse of the legal process. This Court has stated repeatedly that it did not allow any of Mr. Walker's legal efforts to cloud its decision as regards this bankruptcy estate.

6. Alone, Mr. Walker has been trying to hold onto the family properties, and this property at 832 Halsey Street; Brooklyn, New York, - - the vacant lot - - is one such property. Any distrust Mr. Walker has maintained is against the investors, lending institutions, developers and anyone who seeks to strip him of his family properties. As was articulated in previous documents, all the actions Mr. Walker has taken both in the pre-petition State Court Action and in this Bankruptcy proceeding comes from this attitude of distrust.

7. On March 1, 2019 this court held a hearing on the Debtor's motion to reargue the court's decision to convert the Chapter 11 to a Chapter 7 rather than dismiss the bankruptcy petition. The court seemed moved by Mr. Walker's insurmountable efforts to reclaim his family's properties. The court attempted to reassure Mr. Walker that it did not factor any issues surrounding the state action in its final decision to convert the Chapter 11 to a Chapter 7, and that the conversion was not done to punish him.

8. When the March 1st hearing was concluded, the trustee discussed with Mr. Walker a number of issues, including the selling of 832 Halsey Street ("Vacant Lot"), the fact that Mirbourne would be selling 494 Halsey Street, and accordingly, there may be some surplus remaining, which would avoid the necessity of having to sell 545 Halsey Street ; Brooklyn, NY ("545 Halsey Street"), where Mr. Walker and his family currently reside. At the conclusion of the hearing, Mr. Walker was hopeful.

9. The 341 creditor's meeting occurred on March 6, 2019. The meeting was standard and after an inquiry by the trustee to Mirbourne's counsel, who appeared telephonically, regarding how soon he could expect 494 Halsey Street being sold, the meeting was closed. Counsel for Mirbourne was unable to state, at that time, how quickly 494 Halsey Street would be sold, but would keep counsel for the Debtor apprised.

## ARGUMENT

### I. IF THE VACANT LOT IS ALLOWED TO BE SOLD BEFORE THE PROPERTY OWNED BY MIRBOURNE DEBTOR WILL BE HOMELESS WITHOUT ANY PROPERTY LEFT IN THE FAMILY ESTATE

10. At this juncture, Mr. Walker is seeking the sale of 494 Halsey Street before there is any contemplation of the vacant lot being sold.

11. Mr. Walker objects to the sale of the vacant lot because it is evident that Mirbourne's sale of 494 Halsey Street will provide him with sufficient surplus for him to keep the vacant lot in the family. When the court in the State Action appointed referee, Jeffrey Miller to represent Mr. Walker's interest in 494 Halsey Street, allowing for the transfer of 494 Halsey Street to Mirbourne, the property was valued at $1,454,937.00 for purposes of the ACRIS document filing. *See Exhibit "A" (Title Documents for 494 Halsey Street).*

12. Given the steady rise of property values in Bedford Stuyvesant, Brooklyn, the value of the 494 Halsey Street could sell for much more than the valued $1.4 Million. *See Exhibit "B" (Property Shark Comparison of Properties similar to 494 Halsey Street)*

13. Accordingly, Mr. Walker stands to receive a sizeable amount of surplus funds which will allow him to pay off his creditors and he would not need to sell the vacant lot. *See Exhibit "C" (Copy of Stipulation from State Court Action).*

14. Moreover, in the midst of it all, Mr. Walker has to contend with creditor, Selene Finance, LP's foreclosure pursuit of the 545 Halsey Street property in State Court. Although, Mr. Walker is willing to deal with the 545 Halsey Street property[1] in State Court, he is keenly aware that the foreclosure matter in State Court may not result in a favorable outcome for him and his family. Currently, there is a summary judgment motion pending in the foreclosure State Court Action. *See Exhibit "D" (Copy of the Notice of Motion Page for Motions for Summary Judgment).*

---

[1] Mr. Walker has a summary judgment motion pending in State Court relative to the 545 Halsey Street property. Selene Finance, LP, likewise has a summary judgment pending in State Court. Once Selene Finance, LP's request for lifting the stay is granted in this court, Mr. Walker and Selene Finance, LP can resolve their litigation in State Court.

15. Accordingly, Mr. Walker respectfully requests that this court direct that Mirbourne list and sell the property at 494 Halsey Street immediately, such that the surplus funds can be used to pay creditors without resorting to selling the vacant lot.

16. Furthermore, Mr. Walker also respectfully requests that the trustee be directed to cancel the sale of the vacant lot.

## II.    A STAYED STATE COURT ACTION RAISES THE ISSUE OF STANDING AS REGARDS THE VACANT LOT

17. Currently in State Court there is a summary judgment motion pending in the matter involving the vacant lot. However, given the filing of the bankruptcy petition the action has been stayed.

*18.* Mr. Walker's counsel in the State Action, filed under index number 24731/2009, a motion for summary judgment based on lack of standing. Counsel for the lender, One West Bank filed a motion for summary judgment for default. Plaintiff's motion was marked off the calendar pending the outcome of the bankruptcy case. *See exhibit "E" (Copy of State Court Order).*

19. It is well settled that the when the issue of standing is raised by a litigant, a movant must prove its standing in order to be entitled to relief (*see U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 (2009); *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d at 242 (2007). Accordingly, the mortgagee for the vacant lot has not established in State Court that it is entitled to relief. In order to obtain summary judgment "it is necessary that the movant establish their cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and they must do so by tender of evidentiary proof in admissible form. *LaSalle Bank Natl. Assn. v.*

*Legier*, 2013 N.Y. Slip Op 51283 (Sup. Ct. 2013). One West Bank has failed to do so in the State Court Action.

20. The creditor, One West Bank never took the preliminary step toward obtaining summary judgment and judgment of foreclosure and sale as required by CPLR 3212(b) and/or RPAPL (1). The Debtor raised standing in the matter, when he filed his Answer in the State Court, which should preclude the Trustee from selling the property and giving the Creditor their relief until they accomplish the requirement of RPAPL 1321(1).

21. Accordingly, it is respectfully requested that since there has been no determination as to whether the secured creditor of the vacant lot, has established standing in this action to seek relief pursuant to RPAPL 1321, the sale of the vacant lot must be canceled.

**WHEREFORE,** the Debtor respectfully request that

(a) the Notice of Sale to sell the vacant lot, issued by the Trustee be canceled;

(b) Mirbourne be ordered to sell 494 Halsey Street immediately;

(c) the Debtor be allowed to use surplus money from the sale of 494 Halsey Street to pay creditors;

(d) the matter be remanded to State Court to establish whether the secured creditor has standing.

(e) For any such other and further relief that the court deems just.

Dated: Hollis, New York
April 18, 2019

RENÉ MYATT, ESQ.
*Attorney for Debtor-in-Possession*
**VAN WALKER**
204-04 Hillside Avenue, 2nd Floor
Hollis, NY 11423
(718) 468-3588
myattlegal@aol.com