Julius Tajiddin
P.O. Box 2499
New York, NY 10027

Tel: 917 553-4864

July 7, 2019

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2019 JUL -9  P 4: 28

RECEIVED

Hon. Elizabeth S. Stong
US Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East (Suite 1595)
Brooklyn, NY 11201-1800

**Re:  In the Bankruptcy Matter of Van D. Walker  ( 1 - 17 - 44665 -BK)**

Dear Judge Stong:

This letter is simply to advise you that a crime was committed and still may be perpetrated by a related party to the Van D. Walker matter.

While it is true that Van Walker is my friend, I have a moral duty, as well as a legal obligation, to notify you of a crime if such crime could interfere with your duties as a judge.  However, I am baffled that with what I have discovered this matter is still going on.  Therefore, I don't know if you are aware of this crime, which is the reason for me to write this letter.  I might add that Mr. Walker's lack of knowledge to this crime until recently forced him to file for bankruptcy in the first place.

Mirbourne, a party of interest perhaps, who has chosen not to be listed as a creditor in this bankruptcy matter, but has represented itself as the owner of the 494 Halsey Street property, a property not up for liquidation in this proceeding, by way of a mortgage assignment and settlement order, really owns nothing when it pertains to such property.

This is because I am in possession of a certified court document – Memorandum of Decision/Order - coming out of the United States Bankruptcy Court in South Bend, Indiana, absolutely proving that at the least Mirbourne purchased a criminally fraudulent mortgage assignment, unless [he] is a part of the criminal act [himself].  See **Attachment 1**. (*Areas to note are marked on the side with pencil.*)

What has led the world, so to speak, to believe that Mirbourne is the owner of the subject property, comes by way of several documents.  They are as follows:

- The alleged mortgage assignment from MERS to FCDB.  **Attachment 2**
- The alleged mortgage assignment from FCDB to Mirbourne.  **Attachment 3**
- A purported Lost Note Affidavit, dated July 28, 2009.  **Attachment 4**
- The Settlement Order from the Kings County Sup. Crt. (March 22, 2016). **Attachment 5**

1

However, the Indiana Court Memorandum of Decision and Order document proves without a doubt that, aside from any argument whether MERS could act as a proxy and make such assignment, not only was the person who signed off on the alleged assignment on behalf of MERS not a Vice President of the company, Bethany Hood, aka Bethany Hood V.P., she didn't even work for MERS, as admitted by officers of the MERS company. This means that she assigned nothing to FCDB in addition to committing a criminal act.

Things now are starting to become more suspicious. Why didn't the notary for the mortgage assignment between FCDB and Mirbourne, put his seal and notary information on the alleged assignment? And why didn't the same notary put his seal and notary information on the purported Lost Note Affidavit? In fact both documents lack the notary's printed name. But I have since learned who this individual is.

Nevertheless, such paper was for the purpose of inducing another company (Vision Home Capital LLC) to buy the mortgage without the promissory note, not Mirbourne. Moreover, the paper is dated July 28, 2009, three weeks after the alleged assignment to Mirbourne. And one thing is critical to note here. FCDB on July 28, 2009 is alleging to still own the Mortgage, three weeks after it allegedly assigned the mortgage to Mirbourne on July 8, 2009.

There is only one conclusion. If Mirbourne is not a part of this mortgage assignment theft which is obviously for the purpose of stealing Van Walker's property or stealing a lot of money from him, the person to go after is not Van Walker. It is Bethany Hood. Bethany Hood committed criminal mortgage assignment fraud for the purpose of defrauded Mr. Walker out of his property or stealing hundreds of thousands of dollars from him.

Lastly, to clear up any questions of who Van D. Walker owes pertaining to the 494 Halsey Street property and this mortgage, the answer is no one. Mortgage Lenders Network, the original lender, filed for Bankruptcy in 2007. Mortgage Lenders does not exist anymore and cannot do any more business. Luckily for Mr. Walker, his property fell through the cracks. He owes no such mortgage on that property. And he certainly doesn't owe Mirbourne. Mirbourne bought a fraudulent paper. Bethany Hood could have conned FCDB perhaps. But FCDB had nothing to sell Mirbourne. If Mirbourne is innocent then its claim is against Bethany Hood in light of the Bankruptcy Court order not the innocent victim Van Walker, the easier target to go after.

One final thing, as MERS did not challenge the Bankruptcy Court's decision in such adversary proceeding but settled it, the facts stated in the decision stand. **Attachment 6**

Yours truly

Julius Tajiddin

**Judge Elizabeth S. Stong**
**Re: In the Bankruptcy Matter of Van D. Walker ( 1 - 17 - 44665 - BK )**
**July 7, 2019**

JT/ da

Attachments

Cc: Eric Gonzales. Kings County DA
    Letisha James, New York State Attorney General
    Honorable Noach Dear, Kings County Supreme Court
    Hon. Alan D. Scheinkman, PJ, Appellate Division, 2nd Department
    Robert Cornegy, City Council District 36
    Eric Adams, Borough of Brooklyn President
    Jumaane Williams, Public Advocate
    Van Walker
    Renee Myatt, Esq.*
    Alan Nisselson, Trustee*
    Windels Marx Lane & Mittendorf, LLP*
    Gail Gray, Esq.
    Michael S. Amato, Esq.*
    Sean Lipsky, Esq.
    Kenneth L. Baum, Esq.*
    Perl Group Real Estate
    Creditors (in this proceeding Nos. 9560161, 9096659, 9096653)*
    Ernest A. Yazzett, Jr.*
    Daily News
    New York Post
    Amsterdam News

Attachment
1

09-30024

Proc. No. 10-3005

Document No. 58



United States of America
Northern District of Indiana

This is to certify that the within and attached
document is a full, True and correct copy of
the original thereof, as the same appears on
file in the office of the Clerk of the United
States Bankruptcy Court for the Northern
District of Indiana.

Witness this _5th_ day of _October_ 20_18_

Christopher M. DeToro, Clerk U.S. Bankruptcy Court

By _____
       Deputy Clerk

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN THE MATTER OF                          )
                                          )
JASON WILLIAM KOONTZ and                  )    CASE NO. 09-30024 HCD
KRISTIN MAUREEN KOONTZ,                    )    CHAPTER 13
                                          )
          DEBTORS.                        )
                                          )
                                          )
KRISTIN MAUREEN KOONTZ,                    )
                                          )
          PLAINTIFF,                      )
                                          )    PROC. NO. 10-3005
vs.                                       )
                                          )
EVERHOME MORTGAGE COMPANY,                 )
TRUSTCORP MORTGAGE COMPANY,                )
EVERBANK, and MORTGAGE ELECTRONIC         )
REGISTRATION SYSTEMS, INC.,               )
          DEFENDANTS.                     )

Appearances:

Debra Voltz-Miller, Esq., and Thomas Panowicz, Esq., counsel for plaintiff, 1951 East Fox Street, South Bend, Indiana 46613;

David J. Jurkiewicz, Esq., counsel for defendants EverHome Mortgage Company, EverBank, and Mortgage Electronic Registration Systems, Inc., Bose McKinney & Evans LLP, 111 Monument Circle, Suite 2700, Indianapolis, Indiana 46204; and

Mark E. Wagner, Esq., counsel for Trustcorp, Wyland, Humphrey, Wagner & Clevenger, 1406 West Plymouth Street, P.O. Box. 158, Bremen, Indiana 46506.

MEMORANDUM OF DECISION

At South Bend, Indiana, on September 30, 2010.

Before the court is the Motion for Summary Judgment filed by defendants EverHome Mortgage Company ("EverHome") and EverBank ("EverBank") (together, "EverHome defendants") against the plaintiff, chapter 13 debtor Kristin Maureen Koontz ("plaintiff" or "debtor") on all counts of her Complaint in this adversary proceeding. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS" or "MERS defendant") also filed a Motion for Summary Judgment against the plaintiff with respect to Count

V of the Complaint. The plaintiff filed Responses to each summary judgment motion, and the defendants replied. Once the briefing schedule had passed, the court took the matter under advisement. For the reasons that follow, the court denies the summary judgment motions before it.[1]

## BACKGROUND

On August 15, 2003, the plaintiff executed a Note which promised to pay the lender Trustcorp Mortgage Company ("Trustcorp") $75,277.00 plus interest over 30 years. The Note was secured by a mortgage on the plaintiff's real estate. That same day, the plaintiff executed the Mortgage on property located at 615 South Street, Mishawaka, Indiana. The lender was Trustcorp; the beneficiary was MERS, "solely as nominee for Lender . . . and Lender's successors and assigns"; and the plaintiff was the borrower-mortgagor. The Mortgage was recorded in the St. Joseph County Recorder's Office on September 29, 2003.

The plaintiff filed a chapter 13 petition on January 7, 2009. EverHome filed a sworn proof of claim on May 5, 2009. ("Claim No. 22"). After the Chapter 13 Trustee and the debtor objected to the Claim, EverHome filed a response, with affidavits, and then filed an Amended Proof of Claim ("Claim No. 22-2") on September 9, 2009, adding documents to the claim. After a hearing, EverHome filed a motion seeking to convert this matter to an adversary proceeding. At a hearing, the court heard the positions of the parties and determined that the objections to EverHome's Claim No. 22 were in essence a challenge to "the validity, priority, or extent of a lien" held by the creditor. *See* Fed. R. Bankr. P. 7001(2). It therefore directed the Trustee and debtor to convert the contested matter into an adversary proceeding.

The plaintiff debtor filed her Complaint timely. It was comprised of six counts:

1. That EverHome did not attach to the proof of claim the required documents providing evidence of perfection of a security interest that was perfected prior to the filing of the bankruptcy, in violation of Rule 3001(c) and (d) of the Federal Rules of Bankruptcy Procedure.

---

[1] The court has jurisdiction to decide the matter before it pursuant to 28 U.S.C. § 1334 and § 157 and the Northern District of Indiana Local Rule 200.1. The court has determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

2

II. That EverHome failed to attach to the proof of claim the required documents to prove that the Note under which it claimed entitlement to payment was received prior to the filing of the bankruptcy.

III. That EverHome violated the automatic stay by attempting to obtain the Note and assign the Mortgage after the filing of the bankruptcy petition, in violation of § 362(a)(3), (4) and (5).

IV. That EverHome is not the "real party in interest" to claim payment from the bankruptcy estate because there is no evidence of a contractual relationship between EverHome and the plaintiff, and because there is no evidence that Phaedra High or Corey Roberts are EverHome's authorized agents or that an attorney reviewed the original proof of claim.

V. That the Plaintiff can exercise the rights of a bona fide purchaser under § 544(a)(3) to set aside the purported claim of EverHome for lack of perfection of a security interest in the real estate.

VI. That <u>EverHome</u> (not EverBank) violated 15 U.S.C. § 1641(g) if in fact it received Assignment of the Note and Mortgage on July 15, 2009.

*See* R. 1 (Complaint); R. 23 at 2 (plaintiff's summary of her Complaint).  The defendants EverHome, EverBank, and MERS filed Answers to the Complaint; the EverHome defendants then filed a Motion for Summary Judgment. *See* R. 16.

    In their Brief, the EverHome defendants set forth a Statement of Material Facts Not In Dispute. *See* R. 17 at 2 ff.  They began with the debtor's execution on August 15, 2003, of the Note in favor of Trustcorp and the Mortgage to MERS as nominee for Trustcorp.  The Mortgage was duly recorded on September 29, 2003.  Trustcorp, through Julia Norris, an Assistant Vice President, endorsed the Note in blank and without recourse.  Government National Mortgage Association ("GNMA") provided funding to Trustcorp for the Plaintiff's loan, and therefore became an investor in the plaintiff's loan.  However, Trustcorp remained the owner and servicer of the loan until Trustcorp transferred the Note and Mortgage to EverBank.  On November 1, 2006, EverBank acquired ownership of the loan, including the Note and Mortgage.  Servicing of the loan, including the Note and Mortgage, also was transferred from Trustcorp to EverHome on November 1, 2006. *See id.* at 2-3.

3

On October 20, 2006, EverHome sent the plaintiff a letter informing her that the servicing of the loan was being transferred from Trustcorp to EverHome effective November 1, 2006. Since November 1, 2006, EverHome has serviced and continues to service the plaintiff's loan for EverBank, the owner of the loan. EverHome has been in possession of the original Note, which is endorsed in blank, at all times since the debtor filed her voluntary petition on January 7, 2009, and throughout the debtor's bankruptcy proceeding. It is presently in the possession of EverHome's counsel. *See id.* at 3-4.

EverHome, through its authorized agent, filed its proof of Claim No. 22 on April 5, 2009. Attached to the proof of claim were a copy of the Note endorsed in blank, the recorded Mortgage, and an itemization of the total claim, arrearage claim, and mortgage payments included in the arrearage claim. In its Brief, EverHome then set forth the events which occurred after it filed the original proof of claim:

A. On July 15, 2009, MERS, as nominee for Trustcorp, executed a written Assignment of Mortgage in favor of EverHome.

B. On September 9, 2009, EverHome filed its amended proof of claim. It attached an unrecorded copy of the Assignment, a copy of the Note endorsed in blank, and a copy of the recorded Mortgage.

C. On September 18, 2009, the Assignment of Mortgage was recorded in the St. Joseph County Recorder's Office.

D. On November 2, 2009, EverBank acquired the investor rights to the plaintiff's loan from GNMA.

E. On November 16, 2009, EverBank sent plaintiff a Notice of Assignment, Sale or Transfer of Mortgage Loan.

*See id.* at 4-5. Accordingly, it stated, EverBank is currently both the owner and investor of the plaintiff's loan, and EverHome services the loan for EverBank. *Id.* at 5, ¶ 19.

With its summary judgment motion, EverHome also submitted the Affidavit of Lorri Beltz, Supervisor of the Default Litigation/Bankruptcy Department at EverHome. As the person who controls the relevant business records of EverHome, she verified the following information:

1. Trustcorp originated the loan to the plaintiff in August 2003.

4

2. On or about September 23, 2003, Government National Mortgage Association ("GNMA") provided funding to Trustcorp for the plaintiff's loan. In connection with this transaction, GNMA became the investor in the plaintiff's loan, and Trustcorp remained the owner and servicer of the loan.

3. EverBank acquired ownership of the loan, including the Note and Mortgage, from Trustcorp effective November 1, 2006.

4. EverHome acquired servicing rights from Trustcorp effective November 1, 2006.

5. Since November 1, 2006, EverHome has serviced and continues to service the Plaintiff's loan for EverBank, the owner of the loan.

6. EverBank acquired the investor rights to Plaintiff's loan from GNMA effective November 2, 2009.

7. Accordingly, EverBank is currently both the owner and investor of Plaintiff's loan and EverHome services this loan for EverBank.

8. The Assignment of Mortgage . . . was recorded in the St. Joseph County Recorder's Office on September 18, 2009.

R. 16, Ex. A, ¶¶ 8-15. Attached to Lorri Beltz's Affidavit were (A) a copy of the October 20, 2006 letter to the debtor announcing the transfer of the servicing of her loan, and (B) the Affidavit of the attorney for EverHome, EverBank, and MERS, itemizing the time expended in rendering services in this matter and requesting attorneys' fees of $31,000 and expenses of $340.

Two affidavits had been submitted on behalf of the EverHome defendants on October 13, 2009, in the debtor's main bankruptcy case, after objections to the amended proof of claim had been filed. One was proffered by Ms. Beltz, the other by EverHome's attorney. They stated the following under oath:

1. Ms. Beltz's "Affidavit of EverHome Mortgage as to Possession of Original Note": She stated upon oath that the Note attached to her Affidavit was a true and accurate copy and that it was executed by the debtor on August 15, 2003. She further stated that the "note was subsequently endorsed in blank by the originating lender, Trustcorp Mortgage Company, and delivered to EverHome." Finally, she affirmed that "EverHome has been in possession of the original note endorsed in blank at all relevant times during this bankruptcy case, and has now delivered the original to its counsel to present to the Court as necessary." R. 98, ¶¶ 2, 3.

2. "The Affidavit of Counsel as to Possession of Original Promissory Note," affirmed by Teresa E. Dearing, Attorney for EverHome: She stated that she was in possession of the original note

5

endorsed in blank, which was delivered by EverHome to its counsel, and that she would hold it for safekeeping in a fireproof safe in her office.

R. 98, 99 (Case No. 09-30024).

In her Response to Motion for Summary Judgment, the debtor asserted that there were material facts in dispute concerning the allegations in her Complaint. She pointed out that it was unclear who held the Note and Mortgage on the date of the bankruptcy filing (and even on November 1, 2006, when ownership of the documents supposedly was transferred); who was entitled to collect from the bankruptcy estate on the Note; and whether the Note was secured by the real estate of the plaintiff. *See* R. 23.

The debtor told a different set of facts from the EverHome defendants' facts. According to her Statement of Genuine Issues of Material Fact, Trustcorp gave the debtor's original documents to its document custodian, National City Bank. The debtor's loan "was service released to Everhome Mortgage Company 11/1/2006." R. 23, Ex. 1. The debtor also related that an individual named Juanita Webster requested from U.S. Bank copies of the Note, Mortgage, and recorded assignment from MERS to Trustcorp. U.S. Bank provided copies of the Note and Mortgage on March 20, 2009.

After Everhome filed a proof of claim for Claim No. 22, the Chapter 13 Trustee repeatedly requested chain of title documentation from an individual named Corey Robertus of Moss Codilis. She had no success. However, the debtor reported that U.S. Bank received an unrecorded assignment on June 30, 2009, from MERS to "blank." Since there was no valid assignee in the original assignment provided by U.S. Bank, according to the debtor, a flurry of activity occurred in order to make sure an assignment would be prepared for use by EverHome. On September 9, 2009, EverHome filed an amended claim attaching the Note, Mortgage, and the unrecorded Assignment of Mortgage. The debtor then described her concerns about the Assignment:

The assignment that was prepared purported to assign 'all beneficial interest' under the mortgage from MERS as nominee for Trustcorp to Everhome. Bethany Hood, who signed the Assignment as VP of MERS, is not an employee of MERS. The assignment was dated July 17, 2009, with an effective date of July 15, 2009. It was not until September 17, 2009 that the

original note was requested from U.S. Bank. It was forwarded from EverHome to their attorney on September 21, 2009. Lorri Beltz, in her Supplemental Affidavit of EverHome Mortgage Company, stated under oath that **EverBank** acquired the Note and Mortgage from Trustcorp effective November 1, 2006. How National City, EverHome, and EverBank could all possibly have physical possession of the Note on November 1, 2006, is a question of fact that raises a genuine issue of material fact precluding summary judgment.

R. 23, pp. 4-5 (citations to Record omitted). The debtor concluded that there were genuine issues about the actual holder of the Note and whether documents were fabricated "in order to circumvent the statutorily required documentation required by the proof of claim process." *Id.* at 5.

In their Reply Brief, the EverHome defendants accused the plaintiff of presenting "inaccurate or irrelevant statements of the law" and "a confused amalgamation of the various parties and their respective rights, in an attempt to obscure Defendants EverHome's and EverBank's clear status as a holder of the Note and perfected Mortgage." R. 31 at 3. Nevertheless, they admitted that U.S. Bank did possess the Note – but only as "a custodian and agent of EverHome and EverBank in connection with the Note." *Id.* at 4. They continued to affirm that, at all relevant times, "and during the entire pendency of the bankruptcy, EverBank was in physical possession of the Note, either through its direct physical possession or through the physical possession of the Note by EverBank's custodian, U.S. Bank, or agent, EverHome." *Id.*

To their Brief the EverHome defendants appended EverHome's Second Supplemental Affidavit, which was another Affidavit of Lorri Beltz, Supervisor of the Bankruptcy Department, in which she reiterated the abovementioned facts and further verified this information:

> (a.) U.S. Bank is a custodian and agent of EverHome and EverBank in connection with the Note and is charged with care and control of the Note.
>
> (b.) All actions taken by U.S. Bank, including any possession of the Note, were in its capacity as a custodian of and agent for EverHome.
>
> (c.) At all times relevant herein, and during the entire pendency of the bankruptcy, EverBank has been in physical possession of the Note, either through direct physical possession or through physical possession of the Note by EverBank's custodian, U.S. Bank, or agent, EverHome Mortgage.

*See* R. 31, Ex. A, Aff., April 8, 2010.

7

MERS also filed a Motion for Summary Judgment. *See* R. 44. It pointed out that the mortgage documents were properly executed and recorded in 2003, and that the Mortgage therefore, by that recording, was perfected. *See* R. 45 at 5. It argued that the cases cited by the plaintiff prove the MERS position that the failure to record an assignment of a mortgage, standing alone, does not void the mortgage. *See id.* at 6-7. It further asserted that a post-petition assignment of a mortgage does not trigger the automatic stay because it does not involve the transfer of property of the debtor. *See id.* at 8. Finally, MERS contended that any bona fide purchaser of the debtor's property, on the petition date, would have had constructive knowledge of the mortgage, because it was recorded; therefore, the debtor could not avoid the mortgage under § 544(a)(3). *See id.* at 8-9.

In her Response to the MERS summary judgment motion, the debtor again challenged the validity of the Assignment of Mortgage signed by Bethany Hood, an individual who was not an employee of MERS, as MERS admitted, and yet who signed the Assignment in her alleged capacity as Vice President of MERS. *See* R. 48 at 2. The debtor also noted that MERS was solely the nominee for Trustcorp under the Mortgage; after Trustcorp was acquired by 1st Source Bank on May 3, 2007, the debtor questioned whether MERS could be Trustcorp's nominee. She contended in her Response that MERS did not have the authority to assign the debtor's Mortgage to EverHome on July 17, 2009.

## DISCUSSION

The EverHome defendants and the MERS defendant seek summary judgment on the debtor's Complaint. Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable in this court by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v.*

8

*Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). In order to avoid trial, the moving party bears the burden of showing that no genuine issue of material fact is in dispute. *See Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 322. "To avoid summary judgment . . . the nonmoving party [is] required to set forth 'specific facts showing that there is a genuine issue for trial,' Fed. R. Civ. P. 56(e), and, further [has] to produce more than a scintilla of evidence in support of his position." *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). In order to demonstrate that a real factual dispute exists, the nonmovant must produce evidence of the dispute rather than relying solely on the allegations or denials in its pleadings. *See Barber v. United States (In re Barber)*, 236 B.R. 655, 659 (Bankr. N.D. Ind. 1998); N.D. Ind. L.B.R. B-7056-1. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court begins its consideration with Counts I and II of the debtor's Complaint and the Defendants' summary judgment motions on those issues. Both counts focused on the procedural defects of the EverHome Proofs of Claim No. 22 under Federal Rule of Bankruptcy Procedure 3001(c) and (d). The debtor's first Count alleged that documents providing evidence of perfection of a security interest were not attached to the Proof of Claim, and therefore the proof of claim was fatally defective and was not entitled to prima facie validity. The debtor's second Count alleged that documents providing evidence that EverHome was the valid holder and owner of the Mortgage and Note, and thus the real party in interest to bring this claim, were not attached to the Proof of Claim. Because EverHome did not demonstrate that, prior to the petition date, the debtor's Note was duly endorsed, transferred and delivered to EverHome, the plaintiff alleged that EverHome had no right to payment from the debtor's bankruptcy estate.

The EverHome defendants argued that they were entitled to summary judgment in their favor on Counts I and II because EverHome was, at all times relevant herein, a "person entitled to enforce" the

9

Note and Mortgage in its capacity as loan servicer for the owner EverBank. EverHome stated that it was in possession of the Note endorsed in blank, and therefore it was the "person entitled to enforce" the Note under Indiana law. It also was in possession of the Mortgage and thus entitled to enforce it. It emphasized that the assignment of the Note from Trustcorp to EverHome operated as an equitable assignment of the mortgage, as well, without any necessity of the parties to the transfer executing or recording a separate mortgage assignment. For that reason, the defendants argued, no separate assignment was required in order for EverHome or EverBank to enforce the Note and Mortgage. As the holder of the Note and Mortgage, EverHome contended, it was entitled to receive payments on those instruments, payments ultimately intended for EverBank as owner of the loan, and to file a proof of claim in the bankruptcy in its capacity as servicer of the loan for EverBank.

The debtor, however, insisted that the Note as presented in the Proof of Claim was payable only to Trustcorp and that there was no evidence of the transfer from Trustcorp to EverHome. She asserted, as well, that even though the Mortgage was given to MERS as nominee for Trustcorp, MERS was not entitled to payment on the Note. Nor was MERS allowed to fabricate the Assignment of Mortgage with a signature by Bethany Hood, who was not a MERS employee. The debtor questioned, therefore, whether EverHome was assigned and held the Mortgage on the date of the filing of the bankruptcy.

Because the Complaint and Motions for Summary Judgment began with the procedural irregularities of Proof of Claim No. 22 filed by EverHome, the court reviewed the Proofs of Claim first. It found that the original Proof of Claim presented no "chain of title." The attached Mortgage was given to MERS as nominee for Trustcorp and its successors and assigns, but EverHome was not connected to Trustcorp in the documentation. The attached Note listed the Lender as Trustcorp and its successors and assigns, and it contained an endorsement in blank, but again it did not link the Note to EverHome. The Itemization lists did not name EverHome (or Trustcorp) as the creator of the lists. It appears that the lists were prepared by Moss Codilis, but that entity and its relationship to EverHome (or Trustcorp) were not

10

identified.[2] The Proof of Claim was signed electronically by "Phaedra High on behalf of Corey M. Robertus, Authorized Agent for the Creditor EverHome Mortgage," but those persons were not identified by EverHome as authorized agents.[3] The debtor's Count IV of the Complaint raised these issues.

The amended Proof of Claim was signed by Teresa E. Dearing, Attorney for creditor EverHome. Her Affidavits, attached to the summary judgment motions, attested to her position as counsel for the creditor, but no identifying information was attached to the Proof of Claim. The amended Proof of Claim appended an Assignment of Mortgage which transferred the debtor's mortgage from MERS to EverHome, effective July 15, 2009. It was notarized but not recorded. It was signed by "Bethany Hood, V.P. of MERS, as nominee for Trustcorp," on July 17, 2009. MERS admitted (in its Answer, R. 11, ¶ 30) that Bethany Hood was not an employee of MERS.

The requirements of a proof of claim are set forth in Rule 3001 of the Federal Rules of Bankruptcy Procedure. A proof of claim "shall constitute prima facie evidence of the validity and amount of the claim" if it is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Fed.

---

[2] The court noted that an advisory warning was printed in small print at the bottom of the "Itemization of Total Claim" and "Itemization of Arrearage Claim" which stated: "Please be on notice that the bankruptcy fees for the current case include the post-petition preparation and filing of this Proof of Claim; obtaining and reviewing the Chapter 13 Plan; and the preparation, filing and service of a request for Special Notice to monitor this bankruptcy. These post-petition fees are included in the Proof of Claim so that the subject loan is current upon completion of the Plan. If the Debtor(s) object to these fees being included in the Proof of Claim, please contact Moss Codilis at . . . ." The court also noted the failed attempts of the debtor's counsel to contact Phaedra High and Corey M. Robertus, perhaps of Moss Codilis. From a Westlaw search, the court learned that "Moss Codilis, LLP, is an entity that is comprised of a partnership consortium of five creditor law firms" and which has been investigated in various courts. *In re Greco*, 405 B.R. 393, 394 (Bankr. S.D. Fla. 2009) (describing the conduct of an attorney of that firm, ordering a show cause hearing); *see also In re Waring*, 401 B.R. 906 (Bankr. N.D. Ohio 2009) (ordering show cause hearing with Moss Codilis and other parties concerning the creditors' delegation of bankruptcy responsibilities to other firms and, in particular, the role of Corey M. Robertus, who signed as "attorney in fact for Saxon Mortgage").

[3] The Proof of Claim did not reflect that attention was paid to the requirements set out on the form. Official Form 10 requires a claimant to attach "redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Fed. R. Bankr. P. Official Form 10. The form also requires a claimant to provide an explanation if documents are not available.

11

R. Bankr. P. 3001(f). The rule states that a proof of claim must be in writing, be executed by the creditor

or its authorized agent, and, when based on a writing, be filed with the original or a duplicate of that writing.

Fed. R. Bankr. P. 3001(a)-(c). It also requires that, if the creditor claims a security interest in the debtor's

property, "the proof of claim shall be accompanied by evidence that the security interest has been

perfected." Fed. R. Bankr. P. 3001(d).

The claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an

objection is filed, then the court is required to determine the amount and validity of the claim as of the date

of the bankruptcy petition. With the objection comes a shifting burden of proof for the parties:

> Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable
> presumption of validity. The evidence set forth by the objecting party must be of a probative
> force equal to that of the allegations asserted in the claim. "Once the objector has produced
> some basis for calling into question allowability of a claim, the burden then shifts back to the
> claimant to produce evidence to meet the objection and establish that the claim in fact is
> allowable." *[In re] O'Malley*, 252 B.R. [451,] 456 [(Bankr. N.D. Ill. 1999)]. However, the
> ultimate burden of persuasion always remains with the claimant to prove entitlement to the
> claim.

*In re Vanhook*, 426 B.R. 296, 298-99 (Bankr. N.D. Ill. 2010) (citations omitted); *see also In re Watson*, 402

B.R. 294, 297 (Bankr. N.D. Ind. 2009). Accordingly, the debtor first must overcome the rebuttable

presumption that the creditor's claim is valid.

The court finds that the debtor successfully overcame the rebuttable presumption of validity.

She demonstrated that the documents attached to the Proofs of Claim No. 22 did not, by themselves,

establish the necessary chain of title. The Note and Mortgage were the underlying documents on which the

claim was based, but they identified Trustcorp as the payee and mortgagee, not EverHome. No documents

connected Trustcorp to EverHome. EverHome attempted to show that it now holds the rights originally

given to Trustcorp by attaching an Assignment of Mortgage to the amended Proof of Claim. However, the

debtor identified the bogus MERS employee signing the documents and thus demonstrated the Assignment's

invalidity and fabrication. The documents submitted as attachments to both Proofs of Claim did not show

12

a valid assignment of rights under the Note and Mortgage from MERS to EverHome. Therefore the claim, unsupported by documents adequate to establish the assignment of rights on which it is based, does not enjoy prima facie validity. *See In re Samuels*, 415 B.R. 8, 17 (Bankr. D. Mass. 2009).

The burden then fell to the claimant to establish that it holds the rights given by the debtor to Trustcorp in the Note and Mortgage. EverHome argued that it was, at all times relevant herein, a "person entitled to enforce" the Note and Mortgage in its capacity as loan servicer for the owner EverBank. Moreover, because it is in possession of the Note endorsed in blank, EverHome is the "person entitled to enforce" the Note under Indiana law.

The court finds first that the original Note to Trustcorp, signed by the debtor, was a properly negotiated instrument between the debtor and the lender; the debtor does not challenge the original Note or Mortgage. At the end of the Note, below the debtor's signature, was a stamp, "Pay to the Order of Without Recourse Trustcorp Mortgage Company." Julia Norris, Assistant Vice President of Trustcorp, signed her name on the signature line as the authorized agent to sign the endorsement. That endorsement, made by the instrument's holder, was a "blank endorsement." Ind. Code § 26-1-3.1-205(b) ("When endorsed in blank, an instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specially endorsed."). The blank endorsement converted the Note to "bearer paper." *See* Ind. Code § 26-1-3.1-109(c). It made the Note payable to the person in possession of the instrument. The party who possessed and held the Note was entitled to enforce the Note. Trustcorp held the debtor's Note and could consummate a transfer of the Note to another bank, either by filling in the necessary information or by handing it to another party. As long as it held the note, however, Trustcorp was entitled to enforce the Note as the bearer in possession of the Note. *See* Ind. Code § 26-1-1-201(20)(A) ("'Holder' means: (A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person if the identified person is in possession of the instrument."). It was also the entity entitled

13

to enforce the Note. *See* Ind. Code § 26-1-3.1-301(1) ("'Person entitled to enforce' an instrument means: (1) The holder of the instrument.").

According to EverHome, Trustcorp endorsed the Note in blank and held it until November 1, 2006, when EverBank acquired ownership of the loan, including the Note and Mortgage. Lorri Beltz declared in her Affidavit that the Note "was subsequently endorsed in blank by the originating lender, Trustcorp Mortgage Company, and delivered to EverHome," which kept the Note in its possession "at all relevant times during this bankruptcy case." R. 98 (in Case No. 09-30024). The evidence indicates, however, that the Note was held by National Bank and by U.S. Bank at various times. Since it was endorsed in blank, it was negotiable by any entity in possession of the Note. Nevertheless, EverHome consistently claimed to have had possession "at all relevant times." Only after the debtor's counsel discovered the fact that other banks possessed the Note did EverHome admit that U.S. Bank possessed the Note. This explanation followed.

> As previously discussed, the Note was endorsed by Trustcorp, Plaintiff's original Lender, in blank without recourse. This endorsement converted the note to "bearer paper" and made any party in physical possession of the Note a "holder" and a "person entitled to enforce" the Note. U.S. Bank is a custodian and agent of EverHome and EverBank in connection with the Note and is charged with its care and control. All actions taken by U.S. Bank, including any possession of the Note, were in its capacity as custodian of and agent for, EverHome. At all relevant [sic] herein, and during the entire pendency of the bankruptcy, EverBank was in physical possession of the Note, either through its direct physical possession or through the physical possession of the Note by EverBank's custodian, U.S. Bank, or agent, EverHome. Accordingly, under well-settled Indiana law, EverHome is the "holder" of the Note and is therefore a "person entitled to enforce" the Note, in its capacity as server for the owner of the Note, EverBank.

R. 31 at 4.

The court finds that EverHome has not always been in physical possession of the Note. It failed to attach to the Proof of Claim an explanation that the document was held by U.S. Bank, as custodian and agent, and perhaps by other entities. Instead, it took the liberty of determining what times constituted "all relevant times" so that it did not need to establish a clear chain of title. By its clever use of the phrase "at all relevant times," it has dodged the requirements of the Proof of Claim and the questions of the debtor's

14

AO 72A
(Rev. 8/82)

counsel. According to the most recent Affidavits of EverHome's counsel and the supervisor of the bankruptcy department, the Note now is being held by EverHome's counsel "in a fireproof safe in her office" for safekeeping. Nevertheless, the creditor's establishment that it presently possesses and holds the Note does not excuse EverHome from establishing a complete chain of title for this document, from its original execution by the debtor to the present time, on the Proofs of Claim. It was not done and still has not been done.

The court now considers whether the defendants can establish a valid claim to the debtor's Mortgage. EverHome and MERS argued that the debtor's Mortgage was properly perfected. *See* R. 31 at 5; R. 45 at 5. They pointed out that perfection of a creditor's security interest was determined by state law and that, under Indiana law, the recording of the original mortgage under Indiana Code § 32-21-4-1 perfected a lien on real estate. In this case, the Mortgage was recorded in the St. Joseph County Recorder's Office on September 29, 2003, and that recordation perfected the Mortgage under Ind. Code § 32-21-4-1, well before the plaintiff filed her bankruptcy on January 7, 2009. *See* R. 31 at 5. According to the defendants, the Mortgage later was assigned from MERS to EverHome, and that Assignment was recorded. However, the lien was perfected when the original Mortgage was recorded, and the recording of a later assignment of the mortgage does not have any impact on that Mortgage's continuing status as a properly perfected security interest. *See id.*, citing cases. Finally, the defendants asserted that, under Indiana's long-settled doctrine of equitable assignment, an assignment of a note operates as an equitable assignment of the mortgage without need for a separate assignment of the mortgage. *See id.* at 4, citing cases.

The plaintiff, in her Response to Motion for Summary Judgment, claimed that the chain of title documentation still was unclear. She pointed out that the Assignment of Mortgage was attached to the amended Proof of Claim as proof that EverHome had a claim to the debtor's mortgage. The Assignment allegedly transferred the debtor's Mortgage from MERS, as nominee for Trustcorp, to EverHome effective July 15, 2009, which was after Trustcorp was transferred to 1st Source Bank. Also, the signature of

15

Bethany Hood, as Vice President of MERS, was fraudulent. MERS, in its Answer to the plaintiff's Complaint, "admit[ted] that Bethany Hood is not an employee of MERS." R. 23 at 4; R. 11 at ¶ 30. The debtor claimed that the document was fabricated, and MERS has offered no other explanation; nor has it submitted properly authenticated documentation of an assignment. It appears to this court that a fraudulent recorded Assignment of Mortgage might still be found today in the St. Joseph County Recorder's Office, despite MERS's knowledge of the false signature. Indeed, MERS has completely sidestepped the fact that this Assignment was signed by someone representing herself to be a Vice President of MERS, and it has declined to explain why this false document was attached to the amended Proof of Claim.

In the view of this court, the conduct of the EverHome defendants and the MERS defendant – reflecting a lack of transparency and determination not to provide information or documents until required – has burdened both the debtor and this court. *See In re Brown*, 431 B.R. 309, 311 (Bankr. D. Mass. 2010). In *Brown*, the bank admitted to its own sloppiness and inattention. In this case, the creditors have been forced to admit that (a) a non-employee signed the Assignment of Mortgage, representing herself to be a Vice President of MERS, and (b) other banks or mortgage companies held the Mortgage and/or Note at issue. As the *Brown* court stated succinctly, "Under these circumstances, equity requires payment of the Debtor's attorney's fees and costs in conjunction with the Objection Claim and the commencement of the adversary proceeding." *Id.* at 315.

## CONCLUSION

This adversary proceeding arose out of the debtor's and Trustee's objections to the EverHome Proof of Claim No. 22. In the Complaint and Motions for Summary Judgment, the parties debated both the creditor's prima facie validity of the Proof of Claim and the validity of the creditor's lien. The debtor, focusing on the procedural insufficiencies of the Proof of Claim and on material issues of fact, challenged the Proof of Claim and controverted the documentary and affidavit evidence of the defendants. The

16

defendants, having admitted the truth of some of the debtor's allegations, conceded that there are genuine issues of material fact which preclude summary judgment.

If the direct issue before the court had been the debtor's objections to EverHome's Proof of Claim, the court could have determined that EverHome failed to provide sufficient proof of its entitlement to Claim No. 22. The debtor proved the defects in the Assignment of Mortgage and the lack of a chain of title demonstrating proof of ownership; she also raised numerous procedural defects in the Proof of Claim and questions concerning other underlying facts. *See In re Doherty*, 400 B.R. 382, 383 (Bankr. W.D.N.Y. 2009) ("In the absence of sufficient proof of the ownership of a claim, . . . that proof of claim can and must be disallowed.").

However, before the court are Motions for Summary Judgment, filed by the EverHome defendants and by MERS. The court therefore finds that the debtor succeeded in her burden of setting forth specific facts showing that there are genuine issues for trial concerning the creditor's Proof of Claim and the validity of the defendants' claims. The validity of the Assignment of Mortgage is one example of a genuine issue precluding summary judgment for the defendant MERS. The lack of a chain of title is another genuine issue which precludes summary judgment for the EverHome defendants.

Having determined that genuine issues of material fact exist, the court denies the Motions for Summary Judgment filed by the EverHome defendants and MERS. The court orders a trial on the merits, at which the EverHome defendants and MERS must establish a complete and valid chain of title and must provide evidence that EverHome has standing to enforce its rights under the Note and Mortgage executed by the debtor. Trial on the matter will be set by separate order.

SO ORDERED.

_____
Harry C. Dees, Jr., Judge
United States Bankruptcy Court

17

Attachment

2



# ASSIGNMENT OF MORTGAGE

County of KINGS, State of New York

Assignor: **Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc., 3300 SW 34th Ave Suite 101, Ocala, FL 34474**

Assignee: **FCDB SNPWL TRUST, 1345 Avenue of the Americas 46th Floor, New York, NY 10105**

Original Lender: **Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc.**

Mortgage made by DOUGLAS VAN WALKER, dated the 20th day of November, 2006 in the amount of **Five hundred and sixty four thousand dollars ($564,000.00)** and interest, recorded on **the 2nd day of January, 2007** in the Office of the Clerk of the County of KINGS at Certificate/Docket Number 2007000000936.

This said mortgage has not been otherwise assigned.

Property Address: 494 HALSEY STREET, BROOKLYN, NY 11233
SBL # Block 1665 Lot 17

Know that All Men By These Present in consideration of the sum of One and No/100th Dollars and other good valuable consideration, paid to the above Named assignor, the receipt and sufficiency of which is hereby acknowledged the Said Assignor hereby assigns unto the above named Assignee the said Mortgage, and the full benefit of all the powers and of all the covenants and Provisions therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

*TO HAVE AND TO HOLD* the said Mortgage, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.
**THIS** Assignment is not subject to the requirement of Section 275 of the Real Property Law because it is within the secondary mortgage market.
*IN WITNESS WHEREOF*, the Assignor has caused these presents to be signed by its duly authorized officer this _10_ day of _March_ _2009_

*IN PRESENCE OF*

                              **Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc.**

                              BY:

                              **Bethany Hood** , V. P.

State of MN
County of Ramsey                     ss:
On the _10_ day of _March_ in the year _2009_ before me, the undersigned, a notary public in and for said state, personally appeared _____ **Bethany Hood** _____ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument and that such individual made such appearance before the undersigned in the Mendota Heights, MN . *(Insert city or political subdivision and state or other place acknowledgment taken--- if acknowledgment is taken outside of New York State)*

Notary Public

Ashley Elizabeth Olson
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN 31, 2014

                                      Pillar Processing, LLC
                                      220 Northpointe Pkwy, Suite B
                                      Amherst, NY 14228

**SEAL**

Attachment
3

607677

Assignment of Mortgage,
or Deed of Trust,
or Deed to Secure Debt,
or similar security instrument

FOR VALUE RECEIVED, FCDB SNPWL Trust, *# its successors and assigns, hereby assigns and
transfers to _Mirbourne NPN 2 LLC_, having an office at
_8910 University Center Lane, Suite 500, San Diego, California 92122_, its
successors and assigns, all its right, title and interest in and to a certain security instrument
executed by Van Walker as Borrower and _MERS, Inc *_ as lender, dated
_November 20, 2006_, and securing indebtedness in the original principal amount of $564,000,
recorded on _January 2, 2007_ in CRFN #_2007000000936_, in the county of
_Kings_, encumbering the property commonly known as 494 Halsey Street,
Brooklyn, NY 11233. Said property is more particularly described on the attached Exhibit A.

Signed on this _8_ day of _July_, 2009.      * as nominee for Mortgage Lenders
                                                Network USA, Inc

** 1345 Avenue of the Americas,    FCDB SNPWL Trust
46th Floor
New York, NY 10105                 By: _____
                                   Name: DEWAYNE CHIN
                                   Title: AUTHORIZED SIGNATORY


STATE OF NEW YORK
                            ) SS:
COUNTY OF NEW YORK          )

On the _8_ day of _July_ in the year 200_9_, before me, the undersigned, a notary public in
and for said state, personally appeared _De Wayne Chin_, personally known to me or
proved to me on the basis of satisfactory evidence to be the individual (s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the
person upon behalf of which the individual(s) acted, executed the instrument.

SEAL

_____
                Notary Public

Attachment
4

## LOST NOTE AFFIDAVIT

STATE OF NEW YORK          )
                           ) SS
COUNTY OF NEW YORK         )

_Constantine M Dakalias_ being first duly sworn upon oath deposes and states:

That he is _Administrator_ of FCDB SNPWL Trust;

That he/she is authorized by FCDB SNPWL Trust to execute this Lost Note on behalf of FCDB SNPWL Trust. Notwithstanding anything contained herein, he/she shall have no personal liability pursuant to this Lost Note Affidavit.

That the Note, executed by Van Douglas Walker, dated November 20, 2006, in the original principal sum of $564,000.00, payable to the order of Mortgage Lenders Network USA, Inc., (the "Note") was lost and/or destroyed and neither the affiant herein nor, to the best of affiant's knowledge, any of the directors, officers, or employees of FCDB SNPWL Trust have any knowledge of the location or whereabouts of said Note and, to the best of affiant's knowledge, said Note has not been paid, satisfied, transferred, assigned, pledged, or hypothecated in any way.

NOW THEREFORE, in order to induce **Vision Home Capital, LLC** ("Purchaser") to purchase the mortgage loan (the "Mortgage Loan") related to the Note, FCDB SNPWL Trust does hereby agree to defend, indemnify and hold harmless Purchaser, its officers, directors, employees, agents, attorneys and representatives (collectively, the "Indemnified"), from and against any and all actual out of pocket losses or damages, together with all reasonable costs, charges and expenses (whether or not a lawsuit is filed) (collectively the "Loss") incurred by reason of any claim, demand, suit, cause of action or proceeding by a third party arising out of the Indemnified's inability to enforce the Note according to its terms or the inability to receive any related insurance proceeds, in each case due to FCDB SNPWL Trust's failure to deliver the Note to Purchaser. FCDB SNPWL Trust does hereby further agree that should the original Note ever be found by it, it will promptly notify Purchaser and upon receipt by FCDB SNPWL Trust of the Note, will endorse to Purchaser or its designee without recourse such original Note and promptly forward said Note to Purchaser or its designee or, in the event that Purchaser sold the Mortgage Loan, to the then owner of the Mortgage Loan or its designee.

Upon receipt of the original Note by Purchaser, or the then owner of the Mortgage Loan, the agreements and indemnifications set forth herein shall be null and void.

Executed this 28th day of July, 2009.

FCDB SNPWL TRUST

By: _____
Name: ___**CONSTANTINE M. DAKOLIAS**___
Title: ___**ADMINISTRATOR**___

Subscribed and sworn to before me this 28th day of July, 2009.

_____
Notary Public

Attachment
5

FILED: KINGS COUNTY CLERK 03/29/2016

NYSCEF DOC. NO. 29

INDEX NO. 510700/2014

RECEIVED NYSCEF: 03/31/2016

FILED
KINGS COUNTY CLERK

2016 MAR 29 AM 9: 36

P R E S E N T :

Hon. _Noach Dear_ J.S.C

Justice

At an I.A.S. Trial Term, Part of the Supreme
Court of the State of New York, held in and for the
County of Kings, at the Courthouse, located at
Civic Center, Borough of Brooklyn, City and State
of New York, on the 22 day of March 20 16

---

Mirbourne NPN, LLC

Plaintiff(s)

Cal. No. 16-C

Index No. 510700/2014

- against -

Van Douglas Walker et als

Defendant(s)

| The following papers numbered 1 to ___ read on this motion | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed___ | |
| Answering Affidavit (Affirmation)___ | |
| Reply Affidavit (Affirmation)___ | |
| ___ Affidavit (Affirmation)___ | |
| Pleadings - Exhibits___ | |
| Stipulations - Minutes___ | |
| Filed Papers___ | |

The parties hereby agree to resolve
this matter on the terms set forth herein and annexed.

Plaintiff
Mirbourne NPN, LLC

By: Sean M. Lipsky, Esq.
Counsel for Plaintiff

Van Douglas Walker

By: Julio E. Portilla, Esq.
Counsel for Van Douglas
Walker

Defendant Van Douglas Walker

For Clerks use only
MG
MD
Motion Seq. #

ENTER

J.S.C.

Pg 1 of 4

EJV-rev 11-04

A

Defendant Van Douglas Walker

1. Plaintiff and "Defendant") have agreed to settle their dispute and this litigation on the following terms, which have been approved and "so ordered" by the Court.

2. Defendant shall have six (6) months to sell and close title to the property located at 494 Halsey Street Brooklyn New York (the "Property"). Simultaneously with the closing, Defendant shall remit the sum of $800,000.00 to Plaintiff to satisfy Plaintiff's Note and Mortgage on the Property.

3. In the event Defendant has not paid the sum of $800,000.00 within 6 months ~~of~~ of this date, Defendant shall have the option (the "Option") of extending the time to sell the Property and pay off Plaintiff's note and Mortgage on the Property for an additional 45 days if Defendant elects to do so in writing and transmits same to Plaintiff's Counsel prior to the 6 month expiration period. If the Option is exercised by Defendant, Defendant is then obligated to pay Plaintiff the total sum of $822,824.37 within 225 days of today's date to satisfy Plaintiff's note & Mortgage on the Property

2 of 4

VW

③

(4) If Defendant does not comply with paragraphs 2 or 3 above in the time and manner provided in paragraphs 2 & 3 above, Plaintiff shall become the titleholder to the Property on the 226th day after the execution of this agreement and entry of this Order.

To that end, Defendant shall execute and provide Plaintiff with a deed in lieu of foreclosure transferring the Property to Plaintiff within 7 days of the date of this Agreement and Order, (the "Deed in Lieu"). The Deed in Lieu shall be held in escrow by Plaintiff's Counsel and shall only be removed and filed with the Clerk if Defendant does not comply with paragraphs 2 & 3 of this Agreement and Order. Further, pursuant to this Agreement and Order, Defendant waives all defenses and agrees to be bound to the terms set forth herein.

(5) In the event, Plaintiff acquires title to the Property per paragraphs 4 above, it agreed to sell the Property in a reasonably commercial fashion, and use the proceed

3 of 4

VW

⑭ ⑧ ④

from the sale of the Property to pay the full amount due under Note and mortgage on the Property estimated today at between $900,000⁰⁰ and $925,000⁰⁰ (exclusive of any defenses or setoff), any other liens on the Property, and all reasonable closing costs including but not limited to, Plaintiff's Attorneys' fees & realtor fees. Thereafter, any remaining proceeds from the sale of the Property shall be remitted to Defendant's counsel's attorney trust account.

⑥ If either party breaches this agreement, the non-breaching party shall be entitled to recover all attorneys' fees in enforcing this agreement.

⑦ Other the rights and obligations set forth in this agreement and order, the parties release all claims against one another.

_____

_____
HON. NOACH DEAR J.S.C.

Julio E. Portilla, Esq.

_____
Van Walker

4 of 4

Attachment

6

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:                 )
JASON WILLIAM KOONTZ and    )     CASE NO. 09-30024
KRISTIN MAUREEN KOONTZ,     )     CHAPTER 13/d1h
     Debtors.          )
                    )
_____)
                    )
KRISTIN MAUREEN KOONTZ,     )
     Plaintiff,         )     ADVERSARY NO. 10-03005
                    )
     vs.               )
                    )
EVERHOME MORTGAGE COMPANY,  )
TRUSTCORP MORTGAGE COMPANY,  )
EVERBANK, AND MORTGAGE     )
ELECTRONIC REGISTRATION      )
SYSTEMS, INC.,           )
     Defendants.      )

## AGREED ORDER

At South Bend, Indiana, on    April 20, 2011.

The Court having held a status conference, and being duly advised of the resolution of this adversary through the mediation process, now

1. Approves the terms of the Mediated Settlement Agreement ("Agreement") entered into by the Parties on January 25, 2011;

2. Orders the Standing Chapter 13 Trustee to release to Everhome the sum of $13,299.00 currently held on hand;

3. Orders the Standing Chapter 13 Trustee to designate the claim of Everhome as post-petition current as of the date of January 25, 2011;

4. Orders Everhome to correct as necessary their accounting of the mortgage loan to be post-petition current as of the date of January 25, 2011;

5. Orders Everhome to pay the sum as set forth in the Agreement to Kristin Koontz within 10 days of the date of this order.

6. Upon verification that the above orders have been complied with, Kristin Koontz shall cause the pending Adversary Proceeding to be dismissed, with prejudice.

AGREED AND STIPULATED TO:

/s/ David Jurkiewicz
David J. Jurkiewicz (#18018-53)
Bose, McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
PH: (317) 684-5000
FX: (317) 684-5173

/s/ Debra Voltz-Miller
Debra Voltz-Miller (#15590-71)
Voltz-Miller & Panowicz, P.C.
1951 East Fox Street
South Bend, Indiana 46613
PH: (574) 289-1709
FX: (574) 289-1909

/s/ Randy Eyster
Randy Charles Eyster
Feiwell & Hannoy, P.C.
251 North Illinois, Suite 1700
Indianapolis, IN 46204
PH: (317) 237-2727
FX: (317) 237-2858

SO ORDERED

Harry C. Dees, Jr. Judge
U.S. Bankruptcy Court

## United States of America
Northern District of Indiana

This is to certify that the within and attached document is a full, True and correct copy of the original thereof, as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Indiana.

Witness this 5th day of October 20 18

Christopher M. DeToro, Clerk U.S. Bankruptcy Court



By Colleen R. Oehe
Deputy Clerk

Attachment

3