**Hearing Date: December 4, 2019 9:30 a.m.**
**Objection Deadline: November 27, 2019 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>VAN DOUG WALKER,<br><br>               Debtor-in-Possession. | CASE NO. 17-44665-ess<br><br>CHAPTER 7<br><br>Honorable Elizabeth S. Stong |

## AFFIRMATION IN SUPPORT OF APPLICATION TO WITHDRAW AS COUNSEL FOR DEBTOR VAN DOUG WALKER

RENÉ MYATT, ESQ. praying to be relieved as counsel for the debtor, Van Doug Walker (the "Debtor"), respectfully submits as follows:

## PROCEDURAL STATUS OF DEBTOR'S CASES

1. The Debtor has been approved for a loan modification by Selene Financing. The Debtor has made the initial payment. Attorneys for Selene Financing will be filing the 9019 Motion prior to the December 19, 2019 return date for this matter.

2. The Debtor filed an Adversary Proceeding against the Alan Nisselson, Esq. (the "Trustee"). The Trustee filed a Motion to Dismiss the Adversary Proceeding. The initial conference for the Adversary Proceeding is scheduled for December 19, 2019. The Motion to Dismiss the Adversary Proceeding is returnable December 19, 2019.

3. The Debtor filed Objections to Claims of various Creditors, those matters have been scheduled for December 19, 2019.

4. The Debtor filed a Motion to Lift the Stay against One West (herein as Deutsche Bank) currently pending in State Court. Said Motion to Lift Stay is scheduled for December 19, 2019.

5. The Trustee filed a Motion to Employ an Accountant for the Estate. The motion is scheduled for November 18, 2019.

6. The Debtor, on his own, filed an Appeal which is currently in District Court before Hon. William F. Kuntz, II.

7. The Trustee filed an Appellee's brief. The Debtor's, Appellant's Reply brief is due November 13, 2019.

## **WITHDRAW AS COUNSEL**

8. Requests to withdraw as counsel are governed by Eastern District of New York Local Civil Rule 1.4 and E.D.N.Y. Local Bankruptcy Rule 2090-1. Local Bankruptcy Rule 2090-1 requires that:

> An attorney who has been authorized to be retained or has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

E.D.N.Y. LBR 2090-1(d). These requirements mirror those in E.D.N.Y. Local Civil Rule 1.4.

9. With all of the legal work performed by me in this matter, there is an outstanding invoice of $21,604.69. The Debtor has questions and concerns about the bill. I told him we can resolve the issue of payment and we need to do so before I do any additional work. The Debtor has been unwilling to reconcile the bill but wants me to continue performing legal

work. *Whiting v. Lacara*, 187 6 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

10. Rather than continue to perform any new work, I have filed the instant Motion to be Relieved as Counsel.

11. "[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

12. Based on all of the foregoing, there has been a tremendous breakdown of the attorney-client relationship, and therefore permission to withdraw as counsel is sought.

13. I respectfully request that I be compensated for the time spent on this case.

Dated: Hollis, New York
    November 4, 2019

RENÉ MYATT, ESQ.
204-04 Hillside Avenue, 2nd Floor
Hollis, NY 11423
(718) 468-3588
myattlegal@aol.com

TO:    All Parties on Certificate of Service