| | | |
|---|---|---|
| Alan Nisselson, Trustee | The Honorable: | Elizabeth S. Stong |
| Windels Marx Lane & Mittendorf | Chapter   7 | |
| 156 West 56th St. | Location: | Courtroom 3585 |
| New York, NY  10019 | Hearing Date: | 10/13/2020 |
| (212) 237-1000 | Hearing Time: | 10:00am |
| Chapter 7 Trustee | Response Date: | 10/06/2020 |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

In re: WALKER, VAN DOUG        §    Case No. 1-17-44665-ESS
                               §
                               §
Debtor(s)                      §

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

   Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that
Alan Nisselson, Trustee          , trustee of the above styled estate, has filed a
Final Report and the trustee and the trustee's professionals have filed final fee applications,
which are summarized in the attached Summary of Trustee's Final Report and Applications
for Compensation.

   The complete Final Report and all applications for compensation are available for
inspection at the Office of the Clerk, at the following address:
   Clerk of the Court
   United States Bankruptcy Court
   Eastern District of New York
   271-C Cadman Plaza East
   Brooklyn, NY 11201

Any person wishing to object to any fee application that has not already been approved must
file a written objection within 7 days of the date set for the hearing, serve a copy of the objection
upon the Trustee,  any party whose application is being challenged and the United States
Trustee.  A hearing on the fee applications and any objections to the Final Report will be held
on October 13, 2020 at 10:00 a.m. (the "Hearing Date") before the Honorable Elizabeth S.
Stong,  United States Bankruptcy Judge, in her Courtroom,  No. 3585, at the United States
Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, NY
11201,  If no objections are filed, the Trustee may pay dividends pursuant to FRBP 3009
without further order of the Court

**UST Form 101-7-NFR (10/1/2010)**

Dated: 08/06/2020     By: /s/ Alan Nisselson
                                    Trustee

Alan Nisselson, Trustee
156 West 56th St.
New York, NY  10019
(212) 237-1000
anisselson@windelsmarx.com

**UST Form 101-7-NFR (10/1/2010)**

| Alan Nisselson, Trustee | The Honorable: | Elizabeth S. Stong |
|---|---|---|
| Windels Marx Lane & Mittendorf | Chapter 7 | |
| 156 West 56th St. | Location: | Courtroom 3585 |
| New York, NY 10019 | Hearing Date: | 10/13/2020 |
| (212) 237-1000 | Hearing Time: | 10:00am |
| Chapter 7 Trustee | Response Date: | 10/06/2020 |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

In re: WALKER, VAN DOUG                                 § Case No. 1-17-44665-ESS
                                                        §
                                                        §
Debtor(s)                                               §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of*         $     360,400.00

*and approved disbursements of*              $     247,905.13

*leaving a balance on hand of* [1]           $     112,494.87

**Balance on hand:**                         **$     112,494.87**

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2 | Deutsche Bank National Trust Co. Trustee (See 410) | 294,259.45 | 225,000.00 | 225,000.00 | 0.00 |
| 8 | Real Time Resolutions, Inc. | 139,892.27 | 0.00 | 0.00 | 0.00 |
| 9 | New York City Water Board | 446.62 | 0.00 | 0.00 | 0.00 |
| 11 | Ford Motor Credit Company d/b/a Land Rover Capital | 15,651.13 | 0.00 | 0.00 | 0.00 |
| 12 -2 | Wilmington Savings Fund Society | 1,188,459.98 | 0.00 | 0.00 | 0.00 |
| 19 | Ford Motor Credit Company, d/b/a Land Rover Capital | 15,651.13 | 0.00 | 0.00 | 0.00 |

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

|  | Total to be paid to secured creditors: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 112,494.87 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Alan Nisselson, Trustee | 8,754.73 | 0.00 | 8,754.73 |
| Trustee, Expenses - Alan Nisselson, Trustee | 30.00 | 0.00 | 30.00 |
| Attorney for Trustee, Fees - Windels Marx Lane & Mittendorf, LLP | 78,331.74 | 0.00 | 78,331.74 |
| Attorney for Trustee, Expenses - Windels Marx Lane & Mittendorf, LLP | 888.40 | 0.00 | 888.40 |
| Accountant for Trustee, Fees - Joseph A. Broderick, P.C. | 550.00 | 0.00 | 550.00 |
| Auctioneer Fees - Maltz Auctions, Inc. | 13,600.00 | 13,600.00 | 0.00 |
| Fees, United States Trustee | 325.00 | 0.00 | 325.00 |
| Other Fees: Emerald City Realty | 6,800.00 | 6,800.00 | 0.00 |
| Other Fees: Pitchayan & Associates, P.C. | 0.00 | 0.00 | 0.00 |

|  | Total to be paid for chapter 7 administration expenses: | $ | 88,879.87 |
|---|---|---|---|
|  | Remaining balance: | $ | 23,615.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Attorney for D-I-P Fees - Dahiya Law Offices, LLC | 23,615.00 | 0.00 | 23,615.00 |

|  | Total to be paid for prior chapter administrative expenses: | $ | 23,615.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $60,403.63 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1P-4 | Internal Revenue Service | 2,090.16 | 0.00 | 0.00 |
| 10 | City of New York | 57,000.00 | 0.00 | 0.00 |
| 16 | Internal Revenue Service | 1,313.47 | 0.00 | 0.00 |

**UST Form 101-7-NFR (10/1/2010)**

|  | Total to be paid for priority claims: | **$** | 0.00 |
|---|---|---|---|
|  | Remaining balance: | **$** | 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 562,043.33 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 1U-4 | Internal Revenue Service | 561.76 | 0.00 | 0.00 |
| 3 -2 | Consolidated Edison Company of NY, Inc. | 16,105.71 | 0.00 | 0.00 |
| 4 | American Express Bank, FSB | 21,166.45 | 0.00 | 0.00 |
| 5 | American Express Bank, FSB | 25,281.20 | 0.00 | 0.00 |
| 6 | American Express Centurion Bank | 23,514.55 | 0.00 | 0.00 |
| 7 | National Grid | 810.63 | 0.00 | 0.00 |
| 13 | Mirbourne NPN 2 LLC | 469,074.93 | 0.00 | 0.00 |
| 15 | Consolidated Edison Company of NY, Inc. | 0.00 | 0.00 | 0.00 |
| 17 | National Grid | 5,528.10 | 0.00 | 0.00 |

|  | Total to be paid for timely general unsecured claims: | **$** | 0.00 |
|---|---|---|---|
|  | Remaining balance: | **$** | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None ||||| 

|  | Total to be paid for tardy general unsecured claims: | **$** | 0.00 |
|---|---|---|---|
|  | Remaining balance: | **$** | 0.00 |

**UST Form 101-7-NFR (10/1/2010)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: **$** 0.00
Remaining balance: **$** 0.00

Prepared By: /s/Alan Nisselson, Trustee
Alan Nisselson, Ch. 7 Trustee

Alan Nisselson, Trustee
156 West 56th St.
New York, NY 10019
(212) 237-1000
anisselson@windelsmarx.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**