UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
In re:                        Case No. 1-17-44665-ess
                              Chapter 7
Doug Van Walker

            Debtor.
-------------------------------------------------x

## DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

The Debtor, appearing pro se, respectfully submits this Opposition to Selene's Motion for Relief from Automatic Stay and states as follows:

## PRELIMINARY STATEMENT

This Opposition addresses Selene's Motion for Relief from Stay, which fails to account for significant equity in the property, disregards COVID-19 impacts, and overlooks procedural deficiencies. The Motion should be denied because: (1) Selene's failure to establish standing and chain of title, (2) Selene's lack of Standing due to defective note transfer (3) there exists substantial equity in the property providing adequate protection; (4) Selene's conduct during COVID-19 forbearance negotiations demonstrates a lack of good faith; and (5) procedural irregularities warrant maintaining the stay.

## BACKGROUND

1. The subject property, located at 545 Halsey Street, Brooklyn, is the Debtor's primary residence.

1

2. The property's value has appreciated significantly since the case filing, with current market value approaching $2 million, as acknowledged in Selene's own filings (See Movant's Brief, Â¶17, citing NYC Finance Department assessment of $1,994,000).

3. Payment difficulties arose during the COVID-19 pandemic, a period during which numerous federal and state protections were enacted to prevent foreclosures. But forbearance was granted across the board and until 2021 after which Debtor wanted to restart payment but was stopped by the creditor.

**ARGUMENT**

**I. SELENE LACKS STANDING TO SEEK RELIEF FROM STAY**

A. Failure to Establish Standing and Chain of Title

1. A threshold issue in any motion for relief from stay is the movant's standing to seek relief. *In re Escobar,* 457 B.R. 229, 236 (Bankr. E.D.N.Y. 2011); *In re Mims*, 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010).

2. Under New York law, a party seeking relief must demonstrate both possession of the note and proper assignment of the mortgage. *Deutsche Bank Nat'l Trust Co. v. McRae*, 894 N.Y.S.2d 720 (Sup. Ct. 2010).

3. Selene has failed to provide:

   - Complete chain of assignments showing proper transfer of the note and mortgage

   - Evidence of physical possession of the original note

   - Proper documentation of any pooling and servicing agreements

   - Proof of authority to act as servicer for the current note holder

B. Defective Documentation

1. The Second Circuit requires strict compliance with assignment and transfer requirements. *See In re Lippold*, 457 B.R. 293, 296-97 (Bankr. S.D.N.Y. 2011).

2. Mere possession of the mortgage without proper documentation of note ownership is insufficient. ***Bank of N.Y. v. Silverberg***, 926 N.Y.S.2d 532 (2d Dep't 2011).

3. Selene's motion lacks:

   - Original note with all endorsements

   - Complete chain of mortgage assignments

   - Evidence of proper transfer within applicable PSA timelines

   - Documentation of servicing authority

C. Burden of Proof

1. As movant, Selene bears the burden of establishing its standing to seek relief. *In re Minbatiwalla*, 424 B.R. 104, 108 (Bankr. S.D.N.Y. 2010).

2. Courts in this district consistently hold that standing must be established with proper documentation at the time of filing. *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008).

## II. SELENE LACKS STANDING DUE TO DEFECTIVE NOTE TRANSFER

A. Absence of Required Allonge

1. Under New York law, an allonge must be "so firmly affixed [to the note] as to become a part thereof" to effectively transfer the note. *N.Y. U.C.C. § 3-202(2)*; *In re Sia*, 2013 WL 840618 (Bankr. D. N.J. 2013).

2. The Second Circuit has consistently held that possession of a note without proper endorsements or allonges fails to establish standing. *See In re Idicula*, 484 B.R. 284, 288 (Bankr. S.D.N.Y. 2013).

3. Selene has failed to produce:

   - The original note with any attached allonge

   - Evidence of proper endorsement through the complete chain of ownership

   - Proof that any purported allonge was properly affixed at the time of transfer

B. Legal Significance of the Missing Allonge

1. Under New York law, a party seeking relief must prove it is the "holder" or "assignee" of both the mortgage and the underlying note. ***Deutsche Bank Nat'l Trust Co. v. McRae***, 894 N.Y.S.2d 720 (Sup. Ct. 2010).

2. Without a properly affixed allonge, Selene cannot establish its status as holder of the note. ***See In re Lippold***, 457 B.R. 293, 296-97 (Bankr. S.D.N.Y. 2011).

3. The absence of an allonge creates a fatal defect in the chain of title that cannot be cured retrospectively. ***See Bank of N.Y. v. Silverberg***, 86 A.D.3d 274 (2d Dep't 2011).

C. Burden of Proof Regarding Note Transfer

1. The burden falls on Selene to prove proper transfer of the note through either:

   - A complete chain of endorsements on the note itself, or

   - Properly affixed allonges documenting each transfer

   ***See In re Escobar***, 457 B.R. 229, 236 (Bankr. E.D.N.Y. 2011).

2. Courts consistently hold that post-filing attempts to correct defective transfers cannot retroactively establish standing. ***See In re Foreclosure Cases***, 521 F. Supp. 2d 650, 653 (S.D. Ohio 2007).

D. New York's Strict Requirements

1. New York courts require strict compliance with UCC requirements for note transfers. ***See JPMorgan Chase Bank, N.A. v. Miodownik***, 91 A.D.3d 546, 547 (1st Dep't 2012).

2. The lack of an allonge is particularly significant because:

- It breaks the chain of title

- Prevents establishment of holder status

- Cannot be cured by alternative documentation

*See Deutsche Bank Nat'l Trust Co. v. Barnett*, 88 A.D.3d 636 (2d Dep't 2011).

[Previous sections on equity cushion, COVID-19, etc. would follow]

## **DISCOVERY REQUESTS**

Given these deficiencies, Debtor specifically requests:

1. Production of:

- Original note with all purported allonges

- Documentation showing proper affixation of any allonges

- All documents evidencing transfer of the note

- Proof of physical possession of the note and allonges at time of filing

2. Testimony regarding:

- Physical handling and transfer of the note

- Creation and affixation of any allonges

- Chain of custody of the original note

- Timing of all transfers and endorsements

## **III. SUBSTANTIAL EQUITY EXISTS PROVIDING ADEQUATE PROTECTION**

A. The Property's Current Value Provides Ample Equity Cushion

1. Selene's reliance on outdated 2017 valuations is inappropriate when current market data is available. The property's current value of approximately $1,994,000 (per NYC Finance

Department) against a claimed payoff of $1,171,370.57 creates an equity cushion of over $800,000.

2. Courts have consistently held that an equity cushion of 20% or more constitutes adequate protection. *See In re James River Assocs.,* 148 B.R. 790, 796 (E.D. Va. 1992). The current equity cushion of approximately 40% far exceeds this threshold.

B. Bedford-Stuyvesant Market Trends Support Valuation

1. The neighborhood has experienced consistent appreciation of approximately 6% annually, further strengthening the equity position.

2. The substantial equity cushion provides more than adequate protection for Selene's interest, negating any claim under Â§362(d)(2).

## IV. COVID-19 IMPACT AND SELENE'S CONDUCT

A. Premature Filing During Protected Period

1. Selene's Motion was filed during a period when COVID-19 protections were still actively encouraged by federal policy.

2. Despite widespread availability of COVID-19 relief options, Selene failed to meaningfully engage in loss mitigation efforts as contemplated by federal guidelines.

B. Bad Faith in Loss Mitigation

1. When Debtor attempted to negotiate payment arrangements with Selene's representative, Kathy McCullough Day, he was redirected to obtain counsel rather than offered meaningful assistance.

2. When Debtor obtained a lawyer, McCullough Day's associate, Attorney Kevin Toole turned around and told him to get rid of the lawyer, that Debtor can work with him (Attorney Toole) on achieving modification, which never materialized.

3. Funds initially reserved for arrears had to be diverted to legal representation due to Selene's refusal to negotiate directly.

## V. PROPERTY HAS REVERTED TO DEBTOR THROUGH ABANDONMENT

A. Legal Effect of Trustee's Abandonment

1. Under 11 U.S.C. § 554(a), once property is abandoned by the trustee, it reverts back to the debtor as though no bankruptcy had been filed. *See In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990).

2. The Second Circuit has consistently held that abandonment by the trustee restores the debtor's full property rights as they existed pre-petition. *In re Cruseturner*, 8 B.R. 581, 591 (Bankr. D. Utah 1981).

3. The trustee's abandonment here means that property has fully reverted to debtor

B. Implications for Stay Relief

- Courts must consider the debtor's restored property rights following abandonment when evaluating stay relief. *See In re Gasprom*, Inc., 500 B.R. 598, 604 (9th Cir. BAP 2013).

## VI. COURT SHOULD CONSIDER PRIOR STAY RELIEF EXPERIENCE

A. Mirbourne's Unfulfilled Promises

1. This Court previously granted stay relief to Mirbourne based on specific promises:

 - Payment of sale overages to debtor

 - Prompt resolution of surplus funds

 - Protection of debtor's equity interests

2. To date, Mirbourne has failed to fulfill these promises, demonstrating:

 - Risk of irreparable harm to debtor

- Pattern of creditor misconduct

   - Need for court supervision

B. Relevance to Current Motion

1. Courts may consider past conduct in evaluating current stay relief requests. *See In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

2. Mirbourne's conduct raises serious concerns about:

   - Creditor reliability

   - Protection of debtor's interests

   - Need for continued court oversight

C. Judicial Estoppel Considerations

1. Selene's argument that stay relief "would not deprive debtor of any rights" directly contradicts:

   - Prior creditor representations to this Court

   - Actual experience with Mirbourne

   - Reality of foreclosure impact

2. Courts have authority to prevent creditors from taking inconsistent positions. *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001).

## VII. EQUITABLE CONSIDERATIONS

A. Pattern of Creditor Conduct

1. The sequence of events demonstrates:

   - Mirbourne's failure to honor commitments

   - Selene's inadequate standing

   - Risk of irreparable harm to debtor

2. Courts should exercise equitable powers to prevent:

   - Multiple creditors stripping debtor's rights

   - Serial stay relief abuse

   - Loss of substantial equity

B. Protection of Debtor's Rights

1. Maintaining the stay is necessary to:

   - Ensure proper handling of surplus funds

   - Protect debtor's substantial equity

   - Prevent irreparable harm such as a reckless sale of Debtor's property where the equity is not preserved in the sale.[1]

2. The Court's equitable powers under 11 U.S.C. § 105(a) support:

   - Conditioning any stay relief

   - Requiring proof of payment ability

   - Protecting debtor's interests

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court:

1. Deny Selene's Motion for Relief from Stay;

2. Order Selene to engage in good faith loss mitigation;

3. Award reasonable attorney's fees for the unnecessary cost of obtaining counsel; and

4. Hold a hearing and rule on all the pending sanction motions.

5. Grant such other relief as this Court deems just and proper.[2]

---

[1] It is clear that the sale of a property in a foreclosure has much less chances of realizing the true value of the property that if the property is sold by the debtor/homeowner.

[2] Assuming Selene Finance LLP can actually show that it is the actual party to receive consideration on the subject property, instead of granting relief from stay in this matter and open up another floodgate of possible underhanded

Respectfully submitted,

_____
Doug Van Walker
Pro Se Debtor

**Dated: December 16, 2024.**

---

actions by the alleged creditor, this Court would rather maintain oversight on the matter and require this Debtor to sell the property within some judicial guidelines.

UNITED STATES BANKRUPTCY COURT EASTERN
DISTRICT OF NEW YORK
-------------------------------------------------------x
In Re: Van Doug Walker

                                              Case No.: Ch. 7 Case No. 1-1344665-ess

                Debtor.            Adv. Pro. No.: 1-22-01008-ess
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned certifies that on ___12-16-2024___ , a copy of
(Date of Service/Mailing)

___Debtor's Opposition for Relief from Automatic Stay___
(Title of Document(s) served)

was deposited in an enclosed, properly addressed postage-paid envelope, and served by
First Class US Mail

(Method of Delivery, e.g., Federal Express Overnight, U.S. Post Office Priority Mail)

upon the following [*below specify the name and mailing address of each party served*]:

Suzanne Youssef, Esquire
Robertson, Anschutz, Schneid, Crane & Paftners, PLLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590

Scott P. Ciupak, Esquire
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590

Dated: __12-16-2024__           __Van D W__
                                                    Print name

                                                    Signature
                                                  Van Walker
                                                  545 Halsey Street
                                                  Brooklyn, NY 11233

1